J-S53032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT WILLIAM HEDRICK, | |
| Appellant | No. 345 WDA 2014 |

Appeal from the Judgment of Sentence January 31, 2014
in the Court of Common Pleas of Crawford County
Criminal Division at No.: CP-20-CR-0000018-2011

BEFORE:  DONOHUE, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED SEPTEMBER 17, 2014**

Appellant, Robert William Hedrick, appeals from the judgment of sentence entered following the revocation of his probation.  For the reasons discussed below, we affirm.

On May 9, 2011, Appellant entered an open guilty plea to incest and corruption of minors.[1]  (**See** Written Guilty Plea, 5/09/11, at unnumbered page 1).  On August 9, 2011, the trial court sentenced Appellant to a standard-range sentence of not less than twelve months less one day nor more than twenty-four months less one day of incarceration, to be followed

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 4302 and 6301, respectively.

by three years of probation. (**See** Notification of Sentence, 8/09/11, at unnumbered page 1).

Following his release from prison in Pennsylvania, Appellant moved to Florida and the Commonwealth transferred supervision of his probation to that State. (**See** N.T. **Gagnon II** Hearing, 11/25/13, at 6). At the **Gagnon II**[2] hearing, Probation Officers Jeter Cornelius and Jennifer Soffe testified that, during a scheduled search of Appellant's residence on July 22, 2013, they discovered photographic evidence demonstrating that Appellant was in contact with children and used the internet to access pornographic websites in violation of the conditions of his probation. (**See id.** at 7-11, 35-36). The revocation court revoked Appellant's probation and sentenced him to a term of incarceration of not less than two nor more than five years, with one-hundred and seventy-two days of presentence incarceration credit. (**See** N.T. **Gagnon II** Continued Hearing, 1/31/14, at 18; Order, 1/31/14, at unnumbered page 1).

Appellant filed the instant, timely appeal. On February 27, 2014, the revocation court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). **See** Pa.R.A.P. 1925(b). Appellant filed his concise statement on March 14, 2014; the

_____

[2] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

revocation court issued an opinion on March 19, 2014. **See** Pa.R.A.P. 1925(a).

Appellant raises the following question for our review:

Whether an allowance of appeal should be granted to challenge the discretionary aspects of a sentence in that, the lower court, under the circumstances and facts of the particular case and without proper support appearing on the record, abused its discretion and failed to consider the individual needs of the Appellant by sentencing the Appellant to the aforesaid sentence?

(Appellant's Brief, at 7).

On appeal, Appellant challenges the discretionary aspects of his sentence.[3] In a recent decision, **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*), this Court held that "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Cartrette**, *supra* at 1034. Thus, Appellant's claim is properly before us.

_____

[3] We note that the Commonwealth argues that Appellant waived his issue on appeal by not filing a post-sentence motion for reconsideration of sentence. (**See** the Commonwealth's Brief, at 6). However, the record reflects that Appellant preserved his discretionary aspects of sentence claim by objecting to the sentence at sentencing. (**See** N.T. **Gagnon II** Continued Hearing, 1/31/14, at 20). Thus, we decline to find waiver on this basis. **See Commonwealth v. McAfee**, **infra** at 274 ("Issues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings.") (citation omitted).

The right to appeal the discretionary aspects of a sentence is not absolute. *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). When an appellant challenges the discretionary aspects of the sentence imposed, he must present "a substantial question as to the appropriateness of the sentence[.]" *Commonwealth v. Anderson*, 830 A.2d 1013, 1017 (Pa. Super. 2003) (citations omitted). An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate "a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme." *Commonwealth v. Kimbrough*, 872 A.2d 1244, 1263 (Pa. Super. 2005) (*en banc*), *appeal denied*, 887 A.2d 1240 (Pa. 2005) (citation omitted). If an appellant's Rule 2119(f) statement meets these prerequisites, we determine whether a substantial question exists. *See Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* (emphases in original).

Appellant's brief in the present case does not contain a Rule 2119(f) statement. (*See* Appellant's Brief, at 8-12). "A failure to include the Rule 2119(f) statement does not automatically waive an appellant's argument;

however, we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement." *Commonwealth v. Roser*, 914 A.2d 447, 457 (Pa. Super. 2006), *appeal denied*, 927 A.2d 624 (Pa. 2007) (citation omitted). Because the Commonwealth has objected to the absence of the Rule 2119(f) statement, (*see* the Commonwealth's Brief, at 6), we cannot reach the merits of Appellant's claim. Accordingly, Appellant's issue is waived. *See* Pa.R.A.P. Rule 2119(f); *Roser*, *supra* at 457.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2014