**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM EDWARD THOMAS, JR., | |
| Appellant | No. 133 MDA 2015 |

Appeal from the Judgment of Sentence December 15, 2014
in the Court of Common Pleas of Clinton County
Criminal Division at No.: CP-18-CR-0000325-2014

BEFORE: ALLEN, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JULY 17, 2015**

Appellant, William Edward Thomas, Jr., appeals from the judgment of sentence imposed on December 15, 2014, following his open guilty plea to receiving stolen property, possession of a small amount of marijuana, possession of drug paraphernalia, and person not to possess firearms.[1] We affirm.

The relevant facts and procedural history are as follows. On November 6, 2014, Appellant entered an open guilty plea to the aforementioned charges. (*See* N.T. Guilty Plea, 11/06/14, at 2). Following receipt of a pre-sentence investigation report (PSI), on December 15, 2014, the trial court

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3925(a), 35 P.S. §§ 780-113(a)(31) and (32), 18 Pa.C.S.A. § 6105(a)(1), respectively.

imposed sentence. (*See* N.T. Sentencing, 12/15/14, at 2, 6, 8). In imposing sentence, the trial court stated that it had "received and reviewed" the PSI, it noted that Appellant had a prior record as a result of a felony conviction in New York State, and that it considered the comments of Appellant and defense counsel. (*Id.* at 6; *see id.* at 6-7). The trial court observed that Appellant acquired a high school diploma, had a child, secured employment while awaiting sentence, and wished to further his education. (*See id.* at 7-8). However, the trial court expressed considerable concern over Appellant's illegal possession of two weapons. (*See id.* at 8). It disregarded speculation by the probation department that Appellant possessed the drugs with intent to distribute. (*See id.*). The trial court found Appellant to be eligible for the Recidivism Risk Reduction Incentive Program (RRRI). (*See id.*). The trial court imposed an aggregate standard range sentence of not less than thirty-six months nor more than eighty-four months of incarceration to be followed by a consecutive term of probation. (*See id.* at 9-10). It then imposed an RRRI minimum sentence of not less than twenty-seven months of incarceration. (*See id.*).

On December 18, 2014, Appellant filed a post-sentence motion arguing that his sentence was excessive and inappropriate because the trial court failed to properly weigh mitigating factors and improperly focused on the punitive aspect of sentencing. (*See* Motion to Modify Sentence, 12/18/14, at unnumbered page 2). Following oral argument, on January 6,

2015, the trial court denied the motion. The instant timely appeal followed. On January 28, 2015, Appellant filed a timely concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On February 2, 2015, the trial court filed an opinion. **See** Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following question for our review:

1. Did the trial court abuse its discretion when it sentenced [Appellant] to serve the maximum of his standard range along with lengthy period of parole and probation despite the totality of the circumstances?

(Appellant's Brief, at 7).

On appeal, Appellant challenges the discretionary aspects of sentence. (**See id.**). The right to appeal the discretionary aspects of a sentence is not absolute. **See Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). When an appellant challenges the discretionary aspects of the sentence imposed, he must present "a substantial question as to the appropriateness of the sentence[.]" **Commonwealth v. Anderson**, 830 A.2d 1013, 1017 (Pa. Super. 2003) (citations omitted). An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate "a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme." **Commonwealth v. Kimbrough**, 872 A.2d 1244, 1263 (Pa. Super. 2005) (*en banc*), *appeal denied*, 887 A.2d 1240 (Pa. 2005) (citation omitted). If an appellant's Rule 2119(f) statement meets these prerequisites, we have

found that a substantial question exists. ***See Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id.*** (emphases in original).

Here, Appellant has included a Rule 2119(f) statement in his brief. (***See*** Appellant's Brief, at 12-13). It states that the trial court failed to consider mitigating circumstances such as Appellant's cooperation with the criminal process, his pleading guilty, his minimal prior record, his being a supportive and loving parent, and his constant maintenance of gainful employment. (***See id.*** at 13).

Our standard of review is settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Gonzalez***, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

Here, Appellant claims that his sentence was unreasonable and excessive because the sentencing court did not consider mitigating factors. (***See*** Appellant's Brief, at 15-17).

- 4 -

We note that a bald claim of an excessive sentence does not generally raise a substantial question. **See Commonwealth v. Dodge**, 77 A.3d 1263, 1269 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014). However, this Court has held that a claim of excessiveness in conjunction with a claim that the sentencing court did not consider mitigating factors presents a substantial question. **See Gonzalez**, **supra** at 731 (citing **Dodge**, **supra** at 1272); **see also Commonwealth v. Zeigler**, 112 A.3d 656, 662 (Pa. Super. 2015). We will therefore address the merits of Appellant's claim.

In the instant matter, the sentencing court had the benefit of a PSI. We have stated that:

> [w]hen imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. . . . Where the sentencing court had the benefit of a presentence investigation report [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

**Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (some internal quotation marks and citations omitted). Here, the sentencing court stated that it had reviewed the PSI and imposed a sentence within the standard range of the guidelines, as Appellant acknowledged at the hearing on his post-sentence motion. (**See** N.T. Sentencing, 12/15/14, at 6; N.T. Motion Hearing, 1/05/15, at 2).

- 5 -

Additionally, Appellant has not demonstrated that his sentence was manifestly excessive because the sentencing court failed to consider mitigating factors. As discussed above, at sentencing, the trial court acknowledged the PSI, considered Appellant's and his counsel's statements made in favor of mitigation, and noted his prior record score, his educational achievements, that he had a child, and his employment record. (*See* N.T. Sentencing, 12/15/14, at 6-8). The trial court balanced this against Appellant's possession of two weapons despite his prior felony conviction. (*See id.* at 8). The trial court thereafter imposed a standard range sentence. (*See id.* at 9-10).

Clearly, the gist of Appellant's argument is not that the sentencing court did not consider the relevant sentencing factors, but rather that the court did not weigh them as much in his favor as he wished. (*See* Appellant's Brief, at 15-17). Our review of the record does not show that the sentencing court abused its discretion or that it entered a manifestly unreasonable sentence. *See Zeigler*, *supra* at 662 (holding sentence not manifestly unreasonable where sentencing court considered PSI, details of crime, and explained reasons for sentence); *see also Moury*, *supra* at 171. Appellant's claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/17/2015</u>