J-A31044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL ALLEN ELY, | |
| Appellant | No. 730 MDA 2015 |

Appeal from the Judgment of Sentence March 26, 2015
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0000489-2012

BEFORE: PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                          **FILED JANUARY 07, 2016**

Appellant, Michael Allen Ely, appeals from the judgment of sentence entered on March 26, 2015, following the revocation of his probation. On appeal, Appellant challenges the discretionary aspects of sentence. For the reasons discussed below, we affirm the judgment of sentence.

We take the underlying facts and procedural history in this matter from the trial court's July 9, 2015 opinion.

> In 2011, Appellant . . . was arrested and charged with a single count each of [o]bscene [m]aterials, [u]nlawful [c]ontact or [c]ommunication [w]ith a [m]inor, and [c]orruption of [m]inors.[1] The charges stemmed from him sending sexually graphic text messages to the [sixteen-year-old] daughter of his

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa. C.S.A. §§ 5903(c)(1), 6318(a)(4), and 6301(a)(1), respectively.

then girlfriend. In resolution of these charges, on June 27, 2013, Appellant entered into a negotiated guilty plea agreement which resulted in [c]ounts 1 and 2 being withdrawn and sentencing being deferred for purpose of a Megan's Law evaluation. On September 30, 2013, he was sentenced on [c]ount 3 to a thirty[-]month term of probation. Appellant was also ordered to **refrain from contact with the victim** and also register as a sexual offender. In addition to the normal conditions of county probation, [the trial court] ordered that he undergo a sexual offender's assessment by the Dauphin County Probation [Office] to determine what, if any, treatment was necessary.

Later, on March 25, 2015, Appellant appeared before [the trial court] for the purpose of a revocation of probation hearing. At the hearing it was established that he had been terminated from his sex offender treatment program which was a condition of his probation. Additionally, the Commonwealth represented to the [trial court] that on December 17, 2014, Appellant had been sentenced by the Hon. Todd A. Hoover to a twelve[-]month term of probation on several new violations of the vehicle code including counterfeit display documents, driving on a suspended license, having a suspended registration, and illegal use of a license plate.

At the revocation proceeding, [the trial court] heard testimony from the county probation officer and Appellant regarding the facts underlying the alleged probation violation. In addition to being terminated from his sexual offenders treatment program, he was accused of sending several text messages to the victim, [twenty] years old at the time of the hearing, inviting her to dinner and asking about the types of alcohol she likes. Appellant still lives with the victim's mother and has two biological sons with her. The victim lives with her father elsewhere.

Upon consideration of the facts presented, [the trial court] found that he had violated the conditions of his probation and sentenced him to a 2.5[-]5[-]year term of incarceration at [a] state correctional institution. On March 2[6], 2015, Appellant filed a [p]ost-[s]entence [m]otion requesting a downward modification of his sentence which request was denied by order dated April 8, 2015. On April 24, 2015, Appellant filed a [n]otice of [a]ppeal to the Pennsylvania Superior Court. In compliance

with [the trial court's] order, on May 20, 2015, Appellant filed a [s]tatement of [e]rrors [c]omplained of on [a]ppeal Pursuant to Pa.RAP. 1925(b)[. The trial court filed an opinion on July 9, 2015. *See* Pa.R.A.P. 1925(a)].

(Trial Court Opinion, 7/09/15, at 1-3) (record citations and footnotes omitted, emphasis added).

On appeal, Appellant raises the following question for our review:

Whether the trial court erred in denying Appellant's [p]ost-[s]entence [m]otion where his sentence was excessive and unreasonable and constitutes too severe a punishment in light of the alleged gravity of the offense, Appellant's rehabilitative needs, and what is needed to protect the public?

(Appellant's Brief, at 5).

On appeal, Appellant challenges the discretionary aspects of his sentence.[2] In **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*), this Court held that "[the] scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Cartrette**, **supra** at 1034. Thus, Appellant's claim is properly before us.

The right to appeal the discretionary aspects of a sentence is not absolute. **See Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). When an appellant challenges the discretionary aspects of the sentence imposed, he must

_____

[2] We note that Appellant preserved his discretionary aspects of sentence claim by filing a timely post-sentence motion for reconsideration of sentence. **See McAfee**, **infra** at 275.

present "a substantial question as to the appropriateness of the sentence[.]" ***Commonwealth v. Anderson***, 830 A.2d 1013, 1017 (Pa. Super. 2003) (citations omitted). An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate "a colorable argument that the sentence violates a particular provision of the [s]entencing [c]ode or is contrary to the fundamental norms underlying the sentencing scheme." ***Commonwealth v. Kimbrough***, 872 A.2d 1244, 1263 (Pa. Super. 2005) (*en banc*), *appeal denied*, 887 A.2d 1240 (Pa. 2005) (citation omitted). If an appellant's Rule 2119(f) statement meets these prerequisites, we determine whether a substantial question exists. ***See Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id.*** (emphases in original).

Here, Appellant has included a Rule 2119(f) statement in his brief. (***See*** Appellant's Brief, at 8-10). In it, Appellant argues that the sentence was excessive and unreasonable and constitutes too severe a punishment because he had a reasonable explanation for his expulsion from the sex offender treatment program, he attempted to pay the fines on his case, and he participated in programming while incarcerated. This claim raises a

substantial question. **See Commonwealth v. Swope**, 123 A.3d 333, 339-40 (Pa. Super. 2015).

> . . . [T]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. . . . Once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a sentence is essential to vindicate the authority of court.

**Commonwealth v. Edwards**, 71 A.3d 323, 327 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) (citations omitted).

Here, as discussed above, despite being ordered not to do so, Appellant engaged in lengthy contact with the underage victim of the crime and implied that he would furnish alcohol to her. While on probation, Appellant was sentenced on new criminal charges in a separate action. Further, Appellant's statement at the revocation hearing displayed an attempt to minimize and excuse his deliberate contact with the victim. (**See** N.T. Revocation Hearing, 3/25/15, at 4). Thus, Appellant has demonstrated his inability to conform to the requirements of probation. (**See** Trial Ct. Op., at 1-3). Lastly, Appellant's sentence was well within the statutory limits.[3] (**See id.** at 4-5). Thus, the record amply supports Appellant's sentence of

---

[3] We note that the sentencing guidelines do not apply to sentences imposed following a revocation of probation. **See Commonwealth v. Williams**, 69 A.3d 735, 741 (Pa. Super. 2013), *appeal denied*, 83 A.3d 415 (Pa. 2014).

total confinement, and his claim that the sentence was unreasonable is frivolous. **See Edwards**, **supra** at 327.

Further, even if this were not the case, Appellant's argument consists of boiler-plate citation to case law and a single paragraph argument that simply summarizes the testimony at the revocation hearing and concludes with the statement that the trial court erred in denying his motion for modification. (**See** Appellant's Brief, at 11-13). It is settled that "we do not accept bald assertions of sentencing errors. Rather, Appellant must support his assertions by articulating the way in which the court's actions violated the sentencing code." **Commonwealth v. Malovich**, 903 A.2d 1247, 1252 (Pa. Super. 2006) (citation omitted). Appellant failed to do so. (**See** Appellant's Brief, at 11-13). Appellant's issue does not merit relief. **See Malovich**, **supra** at 1252.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/7/2016