**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Clifford J. ANDERSON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 3, 2003.

Filed Aug. 7, 2003.

 

Robert F. Hawk, Butler, for appellant.

Timothy F. McCune, Asst. Dist. Atty., Butler, for Com., appellee.

BEFORE: TODD, GRACI, and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Appellant, Clifford J. Anderson, asks us to determine whether the trial court miscalculated his prior record score and consequently imposed an excessive sentence without sufficient reasons for sentencing Appellant in the aggravated range of the sentencing guidelines. Appellant also questions whether the court relied on improper factors when imposing Appellant's sentence. We hold the trial court properly calculated Appellant's prior record score where Appellant's previous sentences were not totally concurrent, and adequately stated its reasons for the sentence imposed. We further hold Appellant has waived his claim that the court considered improper factors at sentencing for failing to object at sentencing or preserve the issue in a post-sentencing motion. Accordingly, we affirm.

¶ 2 The relevant facts and procedural history are as follows:

[Appellant] was arrested on May 22, 2000, and charged at one count each of Possession with Intent to Deliver, 35 P.S. § 780–113(a)(30), and Possession of a Controlled Substance, 35 P.S. § 780–113(a)(16). The case proceeded to trial by jury before the Honorable Thomas J. Doerr on March 12, 2001. On March 14, 2001, the jury found [Appellant] guilty of both offenses. On May 16, 2001, the Court sentenced [Appellant] to a term of imprisonment of thirty-three (33) to one hundred twenty (120) months for the Possession With Intent to Deliver conviction and to no further penalty for the Possession of a Controlled Substance conviction.

The sentence was in the aggravated range. The Court based the aggravated sentence on several factors, including [Appellant's] prior felony convictions at CC # 572 of 1998, 573 of 1998, 574 of 1998, and 575 of 1998. In light of the prior convictions, the Court used a prior record score of five (5) in imposing sentence. [Appellant] filed a Motion for Modification of Sentence on May 29, 2001.[1]

(Trial Court Opinion, dated September 21, 2001, at 1–2). The trial court denied Appellant's post-sentencing motion on September 12, 2001. Appellant did not file a direct appeal. On April 13, 2002, Appellant filed a timely *pro se* petition under the Post Conviction Relief Act[2], counsel was appointed, and the court held a hearing on the petition. On August 2, 2002, the trial court reinstated Appellant's rights to a direct appeal *nunc pro tunc*. This timely appeal followed.

¶ 3 Appellant raises the following issues for our review:

I.   WHETHER THE PRIOR RECORD SCORE USED IN COMPUTING

---

1. The trial court imposed Appellant's sentence on May 16, 2001. Appellant's motion to modify his sentence was due on May 26, 2001, which was the Saturday of the Memorial Day weekend in 2001. Therefore, May 29th was the "next business day" for filing purposes, and his motion was timely filed on that date.

2. 42 Pa.C.S.A. §§ 9542–9546.

SENTENCE TO BE ENTERED AGAINST DEFENDANT (APPELLANT HEREIN) WAS ERRONEOUSLY COMPUTED?

II. WHETHER THE SENTENCE IMPOSED ON THIS CASE WAS EXCESSIVE?

III. WHETHER THE HONORABLE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING IN THE AGGRAVATING CIRCUMSTANCES RANGE?

(Appellant's Brief at 3).

¶ 4 Initially, Appellant argues that his prior record score should be two (2). Specifically, Appellant asserts that the court miscalculated his prior record score because the sentences Appellant received in 1998 on four felonies were imposed totally concurrent. Pursuant to 204 Pa.Code § 303.5(b), Appellant contends only the conviction with the greatest number of points under Section 303.7 should be counted in his prior record score. Further, Appellant submits under subsection (c), totally concurrent means each sentence imposed does not increase the term of the sentence. Appellant concludes the trial court improperly treated his four felony convictions in 1998 as separate offenses and applied an incorrect prior record score to his current offenses.

¶ 5 Next, Appellant asserts his sentence is excessive because the trial court erred in calculating his prior record score. As a result of the court's error, Appellant submits his sentence was inordinately increased. Appellant also complains the court failed to provide its reasons on the record for sentencing Appellant in the aggravated range.

¶ 6 Finally, Appellant contends the court relied on improper factors when imposing his sentence. Specifically, Appellant states the court considered as aggravating circumstances, Appellant's misconduct in prison, the fact that his crimes were committed while he was on probation, and his failure to pay fines and costs associated with his prior convictions. Appellant concludes his judgment of sentence should be vacated and the case remanded for resentencing. We disagree.

■ ¶ 7 As a preliminary matter, we note that objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa.Super.2003); *Commonwealth v. Petaccio*, 764 A.2d 582, 586 (Pa.Super.2000). "To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa. R.Crim.P. 1410 [now Rule 720]; (3) whether appellant's brief has a fatal defect, Pa. R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b)." *Id.* (citing *Commonwealth v. Martin*, 416 Pa.Super. 507, 611 A.2d 731, 735 (1992)).

■ ¶ 8 In the present case, Appellant did not object to the court's alleged consideration of "improper factors" at sentencing or in his post-sentencing motion. *See Petaccio, supra.* Indeed, this issue was not raised until Appellant filed his court-ordered Rule 1925(b) statement. Accordingly, Appellant has waived his third issue and argument with respect to the court's consideration of improper factors at sen-

tencing.[3] *See id.;* Pa.R.Crim.P. 720.

■ ¶ 9 Those issues Appellant properly preserved in his post-sentencing motion and his Rule 1925(b) statement also raise challenges to the discretionary aspects of his sentence. Pennsylvania law makes clear that an appellant's challenge to the discretionary aspects of his sentence is not reviewable as a matter of right. *Commonwealth v. Hunter,* 768 A.2d 1136 (Pa.Super.2001), *appeal denied,* 568 Pa. 695, 796 A.2d 979 (2001); *Commonwealth v. Darden,* 366 Pa.Super. 597, 531 A.2d 1144, 1146 (1987). When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617 (2002); *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987); 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Eby,* 784 A.2d 204 (Pa.Super.2001). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" *Commonwealth v. Williams,* 386 Pa.Super. 322, 562 A.2d 1385, 1387 (1989) (*en banc*) (emphasis in original).

■ ¶ 10 If an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth does not object, the reviewing Court may overlook the omission if the presence or absence of a substantial question can easily be determined from the appellant's brief. *Commonwealth v. Saranchak,* 544 Pa. 158, 675 A.2d 268 (1996), *cert. denied,* 519 U.S. 1061, 117 S.Ct. 695, 136 L.Ed.2d 617 (1997). However, if the appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth objects, the issue is waived for purposes of review. *Id.; Commonwealth v. Archer,* 722 A.2d 203 (Pa.Super.1998).

■ ¶ 11 In the instant case, Rule 2119(f) and *Tuladziecki* apply. Appellant failed to include a separate Rule 2119(f) statement in his brief, immediately preceding the argument section. *See id.* Because Appellant neglected to include a Rule 2119(f) statement and the Commonwealth made a proper objection in its brief, we could deem Appellant's challenge waived. *See Saranchak, supra; Hunter, supra; Archer, supra.*

¶ 12 We note, however, that in his appeal Appellant raises only challenges to the discretionary aspects of his sentence. Appellant has set forth a statement of his sentencing challenges immediately preceding the argument section of his brief. Although not properly designated as a Rule 2119(f) statement, it is sufficient for us to examine whether Appellant has identified a colorable claim regarding the appropri-

---

**3.** We note the guidelines do not already include factors such as whether Appellant was on probation or parole when he committed his current crimes; whether he was delinquent in prior fines and costs due; or his conduct while incarcerated on the current crimes. *See* 204 Pa.Code § 303.5(a) *Description.* Moreover, prompt or recent recidivism is an aggravating factor at the time of sentencing, because it gives "rise to an inference of intransigence rather than mere relapse fol-

lowing sincere attempts to reform." *Commonwealth v. Penrod,* 396 Pa.Super. 221, 578 A.2d 486, 491 (1990). *See also Commonwealth v. Eck,* 439 Pa.Super. 530, 654 A.2d 1104, 1106–07 (1995) (considering information that crime committed while defendant was on probation as aggravating sentencing factor). Hence, the court was not necessarily precluded from considering these factors as aggravating circumstances when it imposed Appellant's sentence.

ateness of his sentence under the Sentencing Code. *See Mouzon, supra.* Thus, we decline to put form over substance and will proceed to determine whether Appellant has raised a substantial question.

■　¶ 13 As a matter of law, not every issue concerning the discretionary aspects of sentencing raises a substantial question. The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Losch,* 369 Pa.Super. 192, 535 A.2d 115, 119 n. 7 (1987). In this regard, our Supreme Court recently restated:

> To demonstrate that a substantial question exists, a party must articulate reasons why a particular sentence raises doubts that the trial court did not properly consider [the] general guidelines provided by the legislature.

*Mouzon, supra* at 426, 812 A.2d at 622. Appellant need raise only a colorable argument that the decision of the sentencing court was either inconsistent with a specific provision of the Sentencing Code or inappropriate under the Sentencing Code as a whole; that is, contrary to the fundamental norms which underlie the sentencing process. *Id.* It is possible for an appellant to raise a substantial question as to the discretionary aspects of his sentence, even when his sentence falls within the statutory limits set for a particular offense. *Id.* at 432, 812 A.2d at 625.

¶ 14 In the instant case, Appellant's claims regarding the calculation of his prior record score and the consequent excessiveness of his sentence have been properly preserved for review and appear to raise a substantial question. *See Commonwealth v. Johnson,* 758 A.2d 1214 (Pa.Super.2000), *appeal denied,* 565 Pa. 666, 775 A.2d 803 (2001) (holding claim that sentencing court miscalculated prior record score and misapplied Sentencing

Guidelines presents substantial question for appeal (citing 204 Pa.Code § 303.15; 42 Pa.C.S.A. § 9781(b))). Now, we will review the merits of Appellant's issues concerning his prior record score.

■　¶ 15 Our well-settled standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Rodda,* 723 A.2d 212, 214 (Pa.Super.1999) (*en banc*) (internal quotations and citations omitted). Further,

> In fashioning a sentence, the trial court must impose a term of confinement consistent with the protection of the public, the gravity of the offense as it relates to the impact of the victim and to the community, and the rehabilitative needs of the defendant.... Although the trial court must consider the Sentencing Guidelines, the court is not obligated to impose a sentence deemed appropriate under the Sentencing Guidelines. At the same time, the trial court cannot justly sentence a defendant unless it possesses sufficient and accurate information about the circumstances of the offense and the character of the defendant to formulate its judgment. In imposing a defendant's sentence, the trial court must state the reasons for the sentence on the record. As long as the

trial court's reasons demonstrate that it weighed the Sentencing Guidelines with the facts of the crime and the defendant's character in a meaningful fashion, the court's sentence should not be disturbed.

*Commonwealth v. Begley,* 566 Pa. 239, 301–02, 780 A.2d 605, 642–43 (2001) (internal citations omitted).

¶ 16 The relevant sentencing guidelines provide:

### § 303.5   PRIOR RECORD SCORE —PRIOR CONVICTIONS

§ 303.5(a)

§ 303.5(A) All prior convictions shall be counted in the Prior Record Score, except certain prior convictions from sentences described in (b).

§ 303.5(b)

§ 303.5(b) When a sentence for a prior conviction was imposed totally concurrent to another sentence, or was served totally concurrent to another sentence, only the conviction with the greatest number of points under § 303.7 shall be counted.

§ 303.5(c)

### TOTALLY CONCURRENT

§ 303.5(c) Totally concurrent.   A conviction is considered totally concurrent if the sentence imposed did not increase the term of probation, intermediate punishment, partial or total confinement of any sentence.

§ 204 Pa.Code § 303.5(a), (b), (c).   The Commentary to the 1997 guidelines explains:

Under previous editions of the guidelines, only the most serious offense of a transaction was counted in the Prior Record Score.   With the elimination of transaction as a means of grouping offenses, it was necessary to develop a new policy identifying those offenses which would be counted in the Prior Record Score.   One option was to include all prior convictions in the Prior Record Score.   However, the Commission decided that such a policy, without any exceptions, could result in disproportionate sentence recommendations.

The Commission felt strongly that the Prior Record Score should be a reflection of the previous convictions based on the sentences imposed at that time. Since the original sentencing court was in the best position to determine the seriousness of those previous convictions, the Commission decided to link the Prior Record Score to that sentence. If the sentencing court felt that an additional penalty was required for a new conviction, the Commission would include that conviction in future Prior Record Scores.   However, if the court felt that the no further penalty was required, the Commission would not include that conviction in the Prior Record Score.   The Commission developed the definition of totally concurrent to distinguish between those sentences that included an additional penalty and those that did not.

This new policy places greater significance on the court's decision to impose a new sentence consecutively or concurrently to another sentence.   The court's use of a consecutive or concurrent sentence to increase an existing sentence reflects the seriousness of that offense and will be reflected in the future in the Prior Record Score.   The court's use of a totally concurrent sentence is an indication of the sufficiency of the existing sentence and the new conviction will generally not be reflected in a future Prior Record Score.   The totally concurrent policy is affected by the order in which sentences are imposed.   For this reason, courts are encouraged to sentence the most serious conviction offense

of a judicial proceeding first, and then sentence on the less serious offenses. Courts are also encouraged to indicate on the guideline form whenever a conviction is totally concurrent to another sentence. This will provide a record for use by future courts in determining which prior convictions are included in the Prior Record Score.

204 Pa.Code § 303.5(c) Commentary.

■ ¶ 17 In the instant case, Appellant was sentenced in 1998 on four felony convictions. At No. 572, Appellant was sentenced to 3–12 months; at No. 573, Appellant was sentenced to 4–14 months; at No. 574, Appellant was sentenced to 5–16 months; and, at No. 575, Appellant was sentenced to 6–18 months plus 60 months' probation. The record demonstrates that the original sentencing court did not intend Appellant's prior sentences to be totally concurrent. First, the 1998 sentencing court did not "sentence the most serious conviction offense first." Additionally, each sentence imposed actually increased Appellant's maximum sentence. Although the sentences were to be served concurrently, there is nothing about the 1998 sentencing scheme to indicate the court intended "total concurrence." Therefore, Appellant's prior sentences for the four felonies in 1998 were not "totally concurrent." *See* 204 Pa.Code § 303.5(c) and Commentary. Thus, we conclude the trial court correctly calculated Appellant's prior record score. Due to our decision regarding Appellant's prior record score, we also reject Appellant's challenge to the excessiveness of his sentence, to the extent he based it upon the alleged improper calculation of his prior record score. Hence, neither issue merits relief.

■ ¶ 18 Finally, the court explained its reasons for the sentence imposed. Citing to the record, the court stated:

Based upon what's been presented, the Court finds that there were aggravating circumstances. First of all, that the offenses were committed at a time when prior fines and costs were not paid. Second, that the offenses were committed at a time when you remained on supervision from a previous conviction. Third, that your conduct while incarcerated in the Butler County Jail, as reflected in the presentence report, was not in accordance with the conduct that would be expected of somebody incarcerated. In fact, you had several violations. Based upon that, the Court chooses to impose the aggravated guidelines, and will impose the following sentence for the reasons stated: The [Appellant] is directed to pay the costs of prosecution for the offense of possession with the intent to deliver, an unclassified felony. You are sentenced to pay a fine of $1,000. You shall undergo imprisonment for not less than 33 months nor more than 120 months.

N.T., 5/16/01, at 10–11.

The Court clearly stated on the record why the aggravated range was used. All legal factors were considered in deciding to sentence [Appellant] within the aggravated range. Therefore, [Appellant]'s claim fails.

(Trial Court Opinion at 3–4). We have reviewed the sentencing transcript and confirm that the court stated its reasons for the sentence on the record and that it weighed the Sentencing Guidelines with the facts of the crime and Appellant's character in a meaningful fashion. *See Begley, supra.*

¶ 19 Based upon the foregoing, we hold the trial court properly calculated Appellant's prior record score where Appellant's previous sentences were not totally concurrent, and adequately stated its reasons for

the sentence imposed. We further hold Appellant has waived his claim that the court considered improper factors at sentencing for failing to object at sentencing or preserve the issue in a post-sentencing motion. Accordingly, we affirm Appellant's judgment of sentence.

¶ 20 Judgment of sentence affirmed.