J-A22045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JARED ANDREW HARSH, | |
| Appellant | No. 423 MDA 2015 |

Appeal from the Judgment of Sentence January 27, 2015
in the Court of Common Pleas of Lancaster County
Criminal Division at Nos.: CP-36-CR-0003881-2005;
CP-36-CR-0004695-2014

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED AUGUST 28, 2015**

Appellant, Jared Andrew Harsh, appeals from the judgment of sentence imposed after a probation violation hearing, and an open guilty plea to driving under the influence (DUI) of a controlled substance and disregard of a traffic lane.[1]  We affirm.

The trial court summarized the procedural history of this case as follows:

> . . . On May 15, 2012, [Appellant] appeared before [the trial] court for admission into the Lancaster County Court of Common Pleas Adult Drug Court Program on a probation violation hearing on information nos. 3881-2005 and 5806-2004 for failure to complete inpatient drug and alcohol treatment.[a]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(d)(2) and 3309(1), respectively.

At that time, [Appellant] stipulated to his probation violation as a condition of participation in the Drug Court Program. He was sentenced to a new five-year period of probation at no. 3881-2005, and to a new two-year period of probation at no. 5806-2004. After a thorough oral and written colloquy, [Appellant] elected to participate in, and was required to successfully complete, the Drug Court Program. [He] graduated from the Drug Court Program on September 17, 2013, although he continued on probation in order to complete the Aftercare requirements [].

> [a] [Appellant] was on supervision for convictions for delivery of cocaine, . . . at information no. 3881-2005, and for unauthorized use of a motor vehicle, . . . [DUI], . . . fleeing or attempting to elude, . . . possession of drug paraphernalia, . . . and driving while operating privileges suspended or revoked . . . at information no. 5806-2004.

During his Drug Court Aftercare probation appointment on October 17, 2013, [Appellant] reported that he had used Ativan, cocaine and heroin (violations of #18 of the Drug Court participant contract). While [he] had a prescription for the Ativan, he did not have the permission of his probation officer to take it.

On November 25, 2013, [Appellant] was arrested and charged with possession of drug paraphernalia . . . at information no. 4965-2014. [He] was subsequently involuntarily committed to the hospital in November, and voluntarily admitted to a drug detoxification program in December of 2013.

On February 1, 2014, [Appellant] failed to report for weekend drug testing (a violation of #19 of the Drug Court participant contract). On March 6, 2014, he failed to report for a probation appointment (a violation of #4 of the Drug Court participant contract).

[Appellant] reported for his probation appointment on March 14, 2014, and admitted to cocaine and heroin use on March 11, 2014 (a violation of #18 of the Drug Court participant contract). He further lied about going to a family member's cabin when he was excused from weekend drug testing on March 1, 2014 (a violation of #15 of the Drug Court participant

- 2 -

contract), and that he was prescribed benzodiazepine and was taking it without permission from his probation officer (a violation of #18 of the Drug Court participant contract).

[Appellant] voluntarily committed to drug detoxification on April 1, 2014, and was released on April 7, 2014. He failed to report for weekend drug testing on April 27, 2014 (a violation of #19 of the Drug Court participant contract).[b] On May 15, 2014, [he] failed to report for a probation appointment (a violation of #4 of the Drug Court participant contract).

> [b] [Appellant's] criminal record reveals that he was arrested on April 27, 2014, in Philadelphia and charged with criminal trespass[.]

On May 12, 2014, [Appellant] committed the following new criminal offenses in Chester County: [] DUI: controlled substance ([five] counts), . . . intentional possession of a controlled substance by person not registered, . . . and possession of drug paraphernalia . . . . These offenses were docketed to Chester County information no. 2862-2014. A *capias* was filed on May 21, 2014, on information no. 3881-2005 for [Appellant's] arrest.

Meanwhile, on May 17, 2014, [Appellant] entered another drug detoxification program. The organization brought him for a Drug Court review hearing on June 3, 2014. At the time, the capias was modified to walk-in status pending the scheduling of a probation violation hearing.

On June 20, 2014, [Appellant] reported to his probation officer that he was released from treatment and living at a recovery house. [He] missed weekend drug testing on August 10, 2014 (a violation of #19 of the Drug Court participant contract).

On September 3, 2014, [Appellant] was arrested for a DUI in Lancaster County. This charge was docketed at no. 4695-2014.[c] On September 5, 2014, he was placed in Lancaster County Prison for a warrant.

> [c] [Appellant] admitted to consuming three bags of heroin just prior to entering his vehicle. As a result

- 3 -

of his impairment, he crashed his vehicle into a curb and off the roadway.

[Appellant] was brought to a Drug Court review hearing on September 9, 2014, at which time he was unsuccessfully discharged from the Aftercare portion of the Drug Court Program. He was further advised that his probation at information no. 3881-2005 was going to be violated due to the new criminal charges in Chester and Lancaster Counties, and for failing to successfully complete the Aftercare portion of the Drug Court Program. Accordingly, [Appellant's] walk-in status was revoked and a bench warrant on information no. 3881-2005 was reissued.

On November 20, 2014, [Appellant] entered a guilty plea in Chester County to the charge of DUI (2nd offense), and received a sentence of [three] to [twenty-three] months' incarceration. He received a consecutive sentence of one year probation on the charge of intentional possession of controlled substance by person not registered. The remaining five charges were withdrawn, pursuant to the plea agreement.

After serving his sentence in Chester County, [Appellant] appeared for a probation violation hearing before [the trial] court on information no. 3881-2005 on January 27, 2015. At that time, [he] was found in violation of his probation. Probation was revoked and he was resentenced to a four-year period of probation. This sentence was made concurrent with the sentence imposed at no. 4695-2014, and the sentence imposed in Chester County.

At the same time, [Appellant] tendered an open guilty plea on information no. 4695-2014. [The trial] court accepted the plea and [Appellant] immediately stood for sentencing after waiving his right to a presentence investigation report. He received a sentence of [eight] to [twenty-three] months' incarceration for the DUI (2nd offense), with credit for time served from September 10, 2014, followed by a three-year period of probation, and a fine of $1,500.00. The standard conditions for second offense DUI convictions involving controlled substances were also imposed. It was further noted on the sentencing conditions order that the three-year probation period could be reduced to two years if [Appellant] had no

violations. The statutory fine of $25.00 was imposed for the summary offense of roadways laned for traffic.

On February 6, 2015, [Appellant] filed a timely motion to modify sentence in which he claims the sentence for the DUI at information no. 4695-2014 constituted a manifest abuse of discretion and was clearly unreasonable considering the circumstances presented at sentencing. [He] seeks a DUI sentence of [six] to [twenty-three] months' incarceration without a period of consecutive probation. On information no. 3881-2005, [Appellant] wants the court to reduce the sentence from four years of probation to two years.

(Trial Court Opinion, 2/19/15, at 1-6) (some capitalization and footnotes omitted; record citations and internal quotation marks omitted).

The court denied Appellant's post-sentence motion on February 19, 2015. Appellant timely appealed.[2]

Appellant raises the following question on appeal:

Was the imposition of an aggregate sentence of 8 to 23 months incarceration followed by 3 years' probation clearly unreasonable, so manifestly excessive as to constitute an abuse of discretion, and inconsistent with the protection of the public, the gravity of the offenses, and [Appellant's] rehabilitative needs?

(Appellant's Brief, at 6).[3]

_____

[2] Pursuant to the trial court's order, Appellant filed a timely Rule 1925(b) statement on March 23, 2015. The court entered its Rule 1925(a) opinion on March 24, 2015 relying on its February 19, 2015 opinion. **See** Pa.R.A.P. 1925.

[3] We note that Appellant preserved his discretionary aspects of sentence claim by timely filing a post-sentence motion to modify the sentence. (**See** Motion to Modify Sentence, 2/06/15, at unnumbered pages 2-3); **see also** **McAfee**, **infra** at 275.

The right to appeal the discretionary aspects of a sentence is not absolute. *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). When an appellant challenges the discretionary aspects of the sentence imposed, he must present "a substantial question as to the appropriateness of the sentence." *Commonwealth v. Anderson*, 830 A.2d 1013, 1017 (Pa. Super. 2003) (citations omitted). An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate "a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme." *Commonwealth v. Kimbrough*, 872 A.2d 1244, 1263 (Pa. Super. 2005) (*en banc*), *appeal denied*, 887 A.2d 1240 (Pa. 2005) (citation omitted). "The purpose of the [Rule 2119(f)] statement is to allow the Superior Court to determine whether a substantial question is raised." *Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012), *appeal denied*, 62 A.3d 378 (Pa. 2013) (citation omitted). Our inquiry "must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* (citation omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted)

Here, Appellant has included a Rule 2119(f) statement. (*See* Appellant's Brief, at 12-14). He concedes that the sentence was within the sentencing guidelines but argues, "[g]iven [Appellant's] history and background and the mitigating circumstances of the offense itself, the application of the guidelines would be clearly unreasonable." (*Id.* at 13). Therefore, he has raised a substantial question. *See Anderson*, *supra* at 1017.

Specifically, he argues that:

The court discounted these mitigating factors: (1) [Appellant] exhibited remorse and took responsibility; (2) [Appellant] did not actually injure any other persons; (3) during his after-care supervision after completing the Drug Court Program, [Appellant] was in the company of active drug users at a recovery house; and (4) [Appellant] was not taking his anti-depressant prescription medication in September of 2014.

(Appellant's Brief, at 17-18). We disagree.

Our standard of review is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. To constitute an abuse of discretion, the sentence imposed must either exceed the statutory limits or be manifestly excessive. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's

character, and the defendant's display of remorse, defiance, or indifference. . . .

***Commonwealth v. Mouzon***, 828 A.2d 1126, 1128 (Pa. Super. 2003) (citations and quotation marks omitted).

As aptly explained by the trial court:

Here, a sentence of [eight] to [twenty-three] months' incarceration followed by [three] years of consecutive probation for a second DUI was not excessive and was well within the standard sentencing guidelines. [The trial c]ourt is intimately familiar with [Appellant's] addiction, his failure to rehabilitate, his failure to adhere to laws requiring him not to drive, and his failure to adhere to laws requiring him not to drive impaired. [The trial c]ourt evaluated, among other things, [Appellant's] DUI history dating from 2003, the circumstances of [Appellant's] most recent DUI convictions in Chester and Lancaster Counties, his character, his proclivity towards drug abuse, the danger he represents to the community and himself, and the amount of heroin he consumed just prior to getting into his car and driving on September 3, 2014. As a result of his impairment, he crashed his vehicle into a curb and off the roadway. He could have very easily injured or killed another driver or a pedestrian. The imposition of a standard range sentence was not clearly unreasonable or too severe a punishment under the circumstances of this case.

It is clear that in fashioning this sentence the [c]ourt did consider the individual circumstances concerning [Appellant] and the crimes he committed. Furthermore, the [c]ourt took into consideration defense counsel's comments on behalf of his client. Counsel reiterated that [Appellant] has struggled with a drug addiction throughout most of his adult life. He stressed that [Appellant's] prior criminal history is related to his drug addiction. To the extent that [Appellant] argues that the trial court did not adequately consider these mitigating factors . . . such a claim is not supported by the record.

In addition . . . [Appellant] has a [twelve]-year history of committing crimes in [Lancaster] County and in Chester, Dauphin and Philadelphia Counties. Clearly, he failed to adjust to his probationary periods and it was necessary to consider a

sentence of confinement that takes into account the protection of the public.

> . . . [The trial c]ourt [] considered the fact that [Appellant] was in the Drug Court Program and provided with an opportunity to get clean and sober and live a law-abiding, productive life. [Appellant] continued to make extremely poor decisions and chose to reject the opportunities provided to him in Drug Court. He made the conscious decision to hold on to his addictive behaviors and to commit crimes.

(Trial Ct. Op., at 8-10) (footnote and citations omitted). Upon our independent review of the record, we agree and conclude there is no arguable merit to Appellant's claim. Therefore, we discern no abuse of discretion in the trial court's imposition of sentence. *See Mouzon*, *supra* at 1128.

Judgment of sentence affirmed.

Judge Bowes joins the Memorandum.

Judge Jenkins concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/28/2015