J-S30009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MAURICE SMITH | |
| Appellant | No. 2124 EDA 2015 |

Appeal from the Judgment of Sentence February 5, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011502-2007

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                **FILED JUNE 15, 2016**

Appellant, Maurice Smith, appeals from the sentence entered in the Philadelphia County Court of Common Pleas, following remand for resentencing.  In 2009, a jury convicted Appellant of second degree murder, robbery, and criminal conspiracy for his participation in the robbery and murder of a pizza delivery person.  The court initially sentenced Appellant to life imprisonment, plus a consecutive 10-20 years' incarceration for robbery, and 10-20 years' incarceration for criminal conspiracy, concurrent with the robbery sentence.  This Court affirmed the judgment of sentence on November 12, 2010.  Our Supreme Court granted allowance of appeal and vacated the sentences for robbery and conspiracy; the Court remanded the case to the trial court on September 24, 2014, for resentencing.  On February 5, 2015, the trial court resentenced Appellant to 10-20 years'

incarceration for the conspiracy conviction to run consecutive to the life sentence. Appellant timely filed a post sentence motion alleging the court failed to state its reasons for the resentence on the record, per Pa.R.Crim. P. 704(C)(2). Although the trial court now states it was prepared to grant the motion and resentence Appellant on July 20, 2015, Appellant's motion was denied by operation of law on June 19, 2015, and Appellant timely filed a notice of appeal on July 9, 2015, which deprived the court of jurisdiction. No Rule 1925(b) statement of errors complained of on appeal was ordered or filed.

A claim that the sentencing court failed to state adequate reasons on the record for imposing a sentence presents a challenge to the discretionary aspects of sentencing. *Commonwealth v. Twitty*, 876 A.2d 433 (Pa.Super. 2005), *appeal denied*, 586 Pa. 749, 892 A.2d 823 (2005). When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists when the appellant advances a colorable argument that the sentencing court's

decisions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Sierra*, 752 A.2d 910, 912-13 (Pa.Super. 2000). A claim that a court did not provide an on-the-record statement of reasons for the sentence imposed presents a substantial question. *Commonwealth v. Malovich*, 903 A.2d 1247 (Pa.Super. 2006).

Instantly, Appellant properly preserved his sentencing issue, which challenges his conspiracy sentence based on the trial court's failure to state adequate reasons for the sentence imposed. We agree the issue as presented raises a substantial question for review. *See id.* The trial court concedes that it did not state its reasons for the sentence imposed on February 5, 2015, that resentencing is necessary, and recommends that this Court remand the case, so as not to delay Appellant's resentencing. The Commonwealth concurs and does not oppose remand for resentencing on the conspiracy conviction. Accordingly, we vacate the judgment of sentence for conspiracy only and remand for resentencing on that conviction.

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2016