J-S48009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HASSAN AKBAR | : | |
| | : | |
| Appellant | : | No. 3086 EDA 2017 |

Appeal from the Judgment of Sentence August 27, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007173-2009

BEFORE:   DUBOW, J., MURRAY, J., and PLATT, J.*

MEMORANDUM BY DUBOW, J.:                **FILED SEPTEMBER 26, 2018**

Appellant, Hassan Akbar, appeals from the August 27, 2015 Judgment of Sentence imposed following our Supreme Court's remand to the trial court for resentencing on his convictions of Aggravated Assault, Conspiracy to Commit Aggravated Assault, Possession of a Firearm by a Prohibited Person, and Possessing Instruments of Crime ("PIC").[1]

The relevant facts and procedural history are as follows.  On April 14, 2010, a jury found Appellant guilty of the above offenses.  The Commonwealth calculated Appellant's prior record score as a repeat felony offender.  On July 12, 2010, the court sentenced Appellant to an aggregate term of 25 to 50 years' incarceration, including mandatory minimum sentences on the Aggravated Assault and Conspiracy to Commit Aggravated Assault

_____

[1] 18 Pa.C.S. § 2702(a)(1); 18 Pa.C.S. § 903(a)(1); 18 Pa.C.S. § 6105(a)(1); and 18 Pa.C.S. § 907(a), respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

convictions. On July 22, 2010, Appellant filed a Post-Sentence Motion. On November 22, 2010, the trial court entered an Order denying Appellant's Motion by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(c).

Appellant timely appealed from his Judgment of Sentence on December 15, 2010.[2] This Court affirmed Appellant's convictions but vacated his Judgment of Sentence and remanded for resentencing. *See Commonwealth v. Akbar*, 91 A.3d 227 (Pa. Super. filed April 30, 2014).

On May 5, 2014, Appellant filed a Petition for Allowance of Appeal. On March 4, 2015, the Pennsylvania Supreme Court vacated this Court's decision, and remanded the matter for resentencing pursuant to *Commonwealth v. Fields*, 107 A.3d 738 (Pa. 2014), which had been pending at the time this Court decided Appellant's direct appeal. In *Fields*, our Supreme Court held that 42 Pa.C.S. § 9714(a)(1) requires that a "second-strike offender be sentenced to the prescribed minimum term of incarceration for each conviction of a crime of violence that is part of the second strike." *Fields*, 107 A.3d at 744.

---

[2] During the pendency of Appellant's direct appeal, on November 8, 2011, Appellant filed a *pro se* Petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, in which he alleged that the court had imposed an illegal sentence pursuant to *Alleyne v. United States*, 570 U.S. 99 (2013). The PCRA court dismissed Appellant's Petition as premature on January 16, 2012.

Following a resentencing hearing, on August 27, 2015, the trial court resentenced Appellant to the same aggregate term of incarceration, but did not impose any mandatory minimum sentences.[3]  The court acknowledged that this is an aggravated range sentence, but that it did not apply any mandatory minimum sentences.  It explained its decision to impose an aggravated range sentence as "necessary to keep the streets free from [Appellant's] criminal activity."  Trial Ct. Op., 11/3/17, at 3.

On August 20, 2015, Appellant filed a Motion for Reconsideration of Sentence, challenging the discretionary aspects of his sentence.  On January 4, 2016, the trial court entered an Order denying Appellant's Motion by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(c).  Appellant did not file a direct appeal from his Judgment of Sentence.

Appellant filed a *pro se* PCRA Petition on June 29, 2016, raising a claim of ineffective assistance of counsel and requesting the reinstatement of his direct appeal rights.  The court appointed counsel who filed an Amended PCRA Petition and two Supplemental Amended PCRA Petitions.  On September 18, 2017, the PCRA court granted Appellant's Petition and reinstated Appellant's direct appeal rights.

---

[3] Appellant's sentence is comprised of a 10 to 20 year term of incarceration on the Aggravated Assault conviction, a consecutive 10 to 20 year term of incarceration on the Conspiracy conviction, and a consecutive 5 to 10 year term of incarceration on the Possession of a Firearm by a Prohibited Person conviction.  The court sentenced Appellant to no further penalty on the PIC conviction.

This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

Is [A]ppellant entitled to a new sentenc[ing] hearing when the trial court based its sentencing decision on conclusions not supported by the record which was the [A]ppellant was beyond rehabilitation and should be put in prison for as long as possible? In light of this[,] are there serious doubts that the trial court properly considered the general guidelines provided by the Legislature in imposing the sentence?

Appellant's Brief at 2.

Appellant's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Lutes*, 793 A.2d 949, 964 (Pa. Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing). However, challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). Prior to reaching the merits of a discretionary sentencing issue, we must determine whether: (1) appellant has filed a timely notice of appeal; (2) the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) appellant's brief has a fatal defect; and (4) there is a substantial question that the sentence is not appropriate under the Sentencing Code. *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa. Super. 2003). A substantial question exists "only when the

appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra*, *supra* at 912-13.

Appellant has satisfied the first three requirements set forth above: he filed a timely Notice of Appeal; preserved the issue by filing a Petition to Reconsider Sentence; and included a separate Pa.R.A.P. 2119(f) Statement in his Brief to this Court. We, thus, consider whether Appellant raised a substantial question.

Appellant argues that his aggregate sentence is manifestly excessive. Appellant's Brief at 7-8. He argues that the sentencing court abused its discretion by imposing consecutive sentences and by allegedly failing to consider mitigating circumstances, *i.e.*, the factors he deems illustrative of his potential for rehabilitation. *Id.*

It is well-settled that a bare challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence. *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014). Moreover, claims that the sentencing court did not adequately consider mitigating factors do not generally raise a substantial question. *See, e.g, Commonwealth v. Moury*, 992 A.2d 162, 175 (Pa. Super. 2010). Appellant has not advanced a "colorable argument" that his standard range sentence is either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the

sentencing process. **Anderson**, **supra** at 1018. Thus, we conclude that Appellant has not raised a substantial question for this Court's review.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/18