J-A19029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AMANDA BLAIR | : | |
| | : | |
| Appellant | : | No. 287 EDA 2020 |

Appeal from the Order Entered December 6, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000794-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AMANDA BLAIR | : | |
| | : | |
| Appellant | : | No. 288 EDA 2020 |

Appeal from the Order Entered December 6, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003559-2017

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:     **FILED NOVEMBER 06, 2020**

Amanda Blair appeals from the judgment of sentence entered following the revocation of her probation. She argues the court abused its discretion by imposing an excessive sentence. We affirm.

In July 2018, Blair pled guilty, at one trial court docket, to Endangering Welfare of Children ("EWOC") and Possession of a Controlled Substance, and at a second docket, to two counts of Disorderly Conduct. The trial court

sentenced her at the first docket to one year of probation on each count, to be served consecutively, and at the second docket, she received 180 days of probation. The court subsequently found Blair in violation of probation ("VOP") due to her failure to comply with drug treatment conditions and it revoked her probation. The court reinstated her probationary sentences and Blair began Chester County's Swift Alternative Violation Enforcement program ("SAVE").

However, Blair did not complete the SAVE program because she was removed in November 2019 due to her continued drug use, including multiple overdosing incidents, and her failure to report for random drug testing. As a result, on December 6, 2019, the VOP court revoked Blair's probation again. This time, the court sentenced her to two and a half to five years' incarceration on her EWOC conviction and no further penalty on her remaining convictions. The VOP court gave Blair credit for time served. At Blair's *Gagnon II*[1] hearing, the court provided the following reasoning for its sentence, citing the need to vindicate the authority of the court and Blair's failure at rehabilitation despite multiple attempts to treat her addiction:

> THE COURT: . . . But what this boils down to, really, is the vindication of the authority of the Court. That's all it is. And all the other cases, the information regarding them are indicative that she's never really complied with the authority of the Court. We just have to keep locking her up. And we give her breaks that she never takes advantage of. In other words, we try to provide as much support for her and her addiction and she doesn't take advantage of it. So what happens is that she continues to possess and use drugs. And I don't know the extent that she --I don't know what terms are on the [EWOC]. Is she supposed to have any

---

[1] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

- 2 -

contact with this child? I mean, if she does it's ludicrous. It's just an indication that the system has no effectiveness. She shouldn't be within a country mile of this kid.

[Commonwealth]: Your Honor, I don't have the file in front of me. But I prosecuted this case, and I think to some extent our hands were tied, just because of the family dynamics. I don't know who the father is, but as you've heard, her mother is an addict and is on the run. And her grandmother is an enabler. I know there's been times the grandmother has handled custody of the child, but I think we just kind of had to defer to CYF and to their opinions. There really wasn't much we could do. I couldn't include no contact with your son as a condition of the EWOC plea, because where would he go? And yet, he was six at the time.

THE COURT: How old is he now?

[Blair]: He is eight. He will be nine in March.

THE COURT: Ms. Blair, you have personality disorders. But the issue for me always was, you're smart enough if you want to; you just don't want to. And this is where the criminal justice system gets put in a unique position. You don't want to live, because you certainly don't take the actions like anybody who does. And you perpetuate this drug lifestyle, supporting the industry of drug commerce. And you continue to do that around your child when you're currently under supervision for endangering because of this conduct in the past. This is a very sick dynamic, and your child is going to pay the price for it. But, the summary form showing your history of violation of probations and parole in past cases indicate that you have not complied with the orders of the Court. And you certainly haven't complied with the orders of the Court on information 3559 of 2017, and the charge of endangering the welfare of children. You're continuing to do that. The person that you have endangered, are serving a sentence on, is continuously exposed to the same conduct that you were convicted of engaging in and placing in danger before. And the history of this familial relationship, as [the Commonwealth] discussed . . . [i]s a sick dynamic between you and your mother and your grandmother. And your son is caught in that sick dynamic. Very unhealthy. Right now your grandmother has the child because you're in jail and your mother is on the run. Otherwise, that kid is in that sick dynamic with you and your mother. And you have been offered all of the treatment -- probably more treatment and opportunities than anyone I've ever given in the system in 20 years. And no one

has failed more miserably at it than you. And for me just to ignore that, would make this system a farce; a complete and total farce. Particularly when the nature of the charge I'm dealing with now is endangering the welfare of your own child, and you will not stop engaging in that conduct. And replete in all of the sentences was that you were to engage in drug and alcohol treatment and engage in the rules of supervision, and not engage in drug activity or activity that places you and your child at risk. And you refuse to abide by that. And as a consequence then, the resources of this system -- how many times you have been saved by police or other health professionals? If there has ever been a case before me where the authority of the Court needed to be vindicated, it's you. Because not to do so would allow you to continue to run amuck in our society, continuously endangering the welfare of your child, yourself and everyone else that has to respond to you. So, I can most honestly say that I have tried every trick in the Judge's book, every resource available to try and help you, and you have repudiated each and every one of them. And this last time I'd hoped that maybe in the SAVE program that Judge Royer could find a way, which she has not been able to do.

N.T. 12/6/19, at 13-16.

Blair filed the instant timely appeal. The VOP court and Blair each complied with Pa.R.A.P. 1925. The court, in its Rule 1925(a) opinion, noted Blair's lengthy history of criminal convictions and drug treatment, including a multitude of treatment programs over more than eight years. VOP Ct. Rule 1925(a) Op., 2/21/20, at 8, 10-11. The court noted the statutory maximum for EWOC, a misdemeanor of the first degree, is five years' incarceration. N.T., 12/6/19, at 4-5. Ultimately, the [c]ourt concluded:

Here, the facts established at the VOP hearing clearly show that [Blair] failed to comply with the basic, technical, requirements of her probation. The Court gave due consideration to factors which might mitigate the imposition of a sentence of total confinement, however, the Court concluded that [Blair] is simply unwilling to accept responsibility for her underlying conduct and to comply with the terms of her probation. After presiding over these VOP

- 4 -

proceedings, the Court determined that [Blair] is a high risk individual who is likely to commit another crime if she was not imprisoned. Moreover, the Court concluded that total confinement was essential to prevent future overdoses and to vindicate the authority of the Court under 42 Pa[.]C.S.[A.] § 9771(c)(3).

VOP Ct. Rule 1925(a) Op., at 10.

Blair raises a single issue for appellate review: "Did the trial court abuse its discretion when it imposed a sentence of two and one half (2 ½) to five (5) years total confinement after a violation of probation hearing?" Blair's Br. at 5.

Blair challenges the discretionary aspects of her sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Conte***, 198 A.3d 1169, 1173 (Pa.Super. 2018), *appeal denied*, 206 A.3d 1029 (Pa. 2019). Before reviewing the merits of Blair's claim, we must determine whether: "(1) the appeal is timely; (2) the appellant has preserved his issue; (3) his brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) the concise statement raises a substantial question whether the sentence is inappropriate under the Sentencing Code." ***Commonwealth v. Green***, 204 A.3d 469, 488 (Pa.Super. 2019).

Here, Blair has complied with the first three requirements: her appeal is timely, she preserved the issue in a post-sentence motion, and her brief includes a statement of the reasons for allowance of appeal. We now turn to whether Blair has raised a substantial question. A substantial question exists

when the appellant makes a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010).

In this case, Blair asserts in her Pa.R.A.P. 2119(f) statement that her VOP sentence of two and one-half to five years of incarceration was manifestly excessive because her probation violations were technical and the court failed to consider her rehabilitative needs and other mitigating factors. Such a claim raises a substantial question. *See Commonwealth v. Williams*, 69 A.3d 735, 740 (Pa.Super. 2013) (finding claim that "court imposed a sentence unreasonably disproportionate to her crimes and unduly excessive" raised substantial question); *Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014) ("Appellant's claim that the trial court sentenced him to a term of total confinement based solely on a technical violation raises a substantial question for our review"). Therefore, we now proceed to a review of the merits of Blair's claim.

Blair argues that the VOP court abused its discretion by sentencing her in the maximum range for EWOC when her violations were "technical" violations of the conditions of her probation and did not involve a new criminal conviction or the endangerment of a child. Rather, she maintains, her violations only concerned her continuing drug addiction and near overdosing incidents, and her child was not present when police arrived following these

incidents. Further, Blair contends that the VOP court erred by failing to adequately consider her need for drug treatment in her sentence.

We review a challenge to the discretionary aspects of sentencing for an abuse of discretion. ***Commonwealth v. Bullock***, 170 A.3d 1109, 1123 (Pa.Super. 2017). An abuse of discretion occurs where "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Id.*** (quoting ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003)).

When the court revokes probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing." 42 Pa.C.S.A. § 9771(b). The VOP court may impose a sentence of total confinement if it finds that "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S.A. § 9771(c).

A VOP court properly takes into account its experience with the probationer when fashioning a sentence after revoking probation:

> [A] trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him. In point of fact, where the revocation sentence was adequately considered and sufficiently explained on the record by the revocation judge, in light of the judge's experience with the defendant and awareness of the

- 7 -

circumstances of the probation violation, under the appropriate deferential standard of review, the sentence, if within the statutory bounds, is peculiarly within the judge's discretion.

*Commonwealth v. Pasture*, 107 A.3d 21, 28-29 (Pa. 2014) (citation omitted).

Blair's conviction for EWOC constituted a misdemeanor of the first degree with a maximum allowable sentence of five years' imprisonment under Pa.C.S.A. §106(b)(6). *See* 18 Pa.C.S.A. § 4304(b). Accordingly, the VOP court lawfully sentenced Blair to a maximum of five years' incarceration. *See* 42 Pa.C.S.A. § 9771(b). Further, contrary to Blair's assertions, the court did consider the "technical" nature of Blair's violations by noting that her continued drug abuse, including two near overdoses, had placed both Blair and her child at risk. Moreover, the court aptly noted that Blair had been given a plethora of drug treatment opportunities over the course of more than eight years and had sadly been unsuccessful in those efforts. Therefore, the court properly determined that a sentence of incarceration, in this particular case, was necessary to vindicate the authority of the court. *See* 42 Pa.C.S.A. § 9771(c)(3); *Pasture*, 107 A.3d at 27-29. We discern no abuse of discretion and thus affirm Blair's judgment of sentence. *See Bullock*, 170 A.3d at 1123.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/20