J-S28024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND ANTHONY MCDOWELL | : | |
| | : | |
| Appellant | : | No. 325 MDA 2022 |

Appeal from the Judgment of Sentence Entered January 19, 2022
In the Court of Common Pleas of Columbia County Criminal Division at
No(s): CP-19-CR-0000855-2020

BEFORE: OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:        **FILED NOVEMBER 30, 2022**

Raymond Anthony McDowell appeals from the judgment of sentence imposed after he pleaded guilty to robbery.[1] McDowell challenges the discretionary aspects of his sentence. We affirm.

McDowell admitted that, on October 8, 2019, he was involved in the robbery of Geraldine Carson. On that date, McDowell physically assaulted or aided and abetted in the assault of Carson, while taking a television from her residence. Carson died due to the blunt force trauma she sustained during the robbery.

Prior to sentencing, a Pre-Sentence Investigation Report ("PSI") was entered into the record. The PSI stated that McDowell had a prior record score of 5 and an offense gravity score of 12, which indicated a standard range

_____

[1] 18 Pa.C.S.A. § 3701(a)(1)(i).

sentence of 84-102 months, with 114 months being the aggravated minimum according to the sentencing guidelines.

At sentencing, on January 19, 2022, the trial court sentenced McDowell to 114 months (9½ years) to 240 months (20 years) in prison. McDowell argued objected that because the crime of robbery already included the infliction of "serious bodily injury," the court should not have considered the victim's death as an aggravating factor for sentencing purposes. The trial court did not agree, stating:

> This is an aggravated sentence above the standard range on account of the fact that [McDowell] has pled guilty to robbery and the occurrence of death is not an element of robbery, nor is it factored into the offense gravity score. It is acknowledged that [McDowell] pled guilty to aiding and abetting in the robbery at issue and, therefore, aided and abetted in the circumstances which led to the death of the victim since the robbery at issue that he aided and abetted in was that which required the occurrence of serious bodily injury as an element. It is noted that death is not a specified element of the definition of "serious bodily injury."

N.T. Sentencing Hearing, 1/19/22, at 15.

McDowell filed the instant timely appeal. Both he and the trial court complied with Pa.R.A.P. 1925.

McDowell raises the following issues:

1. Did the trial court commit an abuse of discretion sentencing [McDowell] outside the standard range of the sentencing guidelines?

2. Did the trial court commit an error of law in determining the death of the victim was an aggravating factor and not an element of the crime of Robbery?

McDowell's Br. at 5.

McDowell challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1265 (Pa.Super. 2014) (*en banc*). To invoke this Court's jurisdiction over such a claim, an appellant must satisfy a four-part test. We must determine whether the appellant: (1) preserved the issue by raising it either at the time of sentencing or in a post-sentence motion; (2) filed a timely notice of appeal; (3) set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) raised a substantial question for our review. **Commonwealth v. Baker**, 72 A.3d 652, 662 (Pa.Super. 2013).

"If an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth does not object, the reviewing Court may overlook the omission if the presence or absence of a substantial question can easily be determined from the appellant's brief." **Commonwealth v. Anderson**, 830 A.2d 1013, 1017 (Pa.Super. 2003) (citation omitted).

In both of McDowell's interrelated issues on appeal, he challenges the trial court's determination that the death of the victim in this case constituted an aggravating factor, leading to a sentence in the aggravated range of the sentencing guidelines. McDowell preserved his claim by raising it during his sentencing hearing and by filing a timely appeal.

However, McDowell did not include a Rule 2119(f) statement in his brief. This does not prevent our review, as the Commonwealth did not object to its absence, and we can determine whether a substantial question exists based on the brief. *See Anderson*, 830 A.2d at 1017. McDowell challenges whether the court erred in imposing a sentence above the standard range of the sentencing guidelines without sufficient justification, which raises a substantial question. *Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa.Super. 2014) (concluding claim that court imposed sentence outside the standard range without stating adequate reasons presents a substantial question); *Commonwealth v. Griffin*, 804 A.2d 1, 7 (Pa.Super. 2002) (finding a claim the court imposed an unreasonable sentence outside the guidelines raises a substantial question).

We apply the following standard of review to discretionary sentencing issues:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Edwards*, 194 A.3d 625, 637 (Pa.Super. 2018) (quoting *Commonwealth v. Mann*, 957 A.2d 746, 749 (Pa.Super. 2008)).

"If the court imposes a sentence outside of the sentencing guidelines, it must provide a written statement setting forth the reasons for the deviation

and the failure to do so is grounds for resentencing." ***Commonwealth v. Walls***, 926 A.2d 957, 963 (Pa. 2007). The written statement requirement is met where the court set forth its reasoning on the record at the sentencing. ***Commonwealth v. Feucht***, 955 A.2d 377, 383 (Pa.Super. 2008).

"[U]nder the Sentencing Code[,] an appellate court is to exercise its judgment in reviewing a sentence outside the sentencing guidelines to assess whether the sentencing court imposed a sentence that is 'unreasonable.'" ***Walls***, 926 A.2d at 963 (citing 42 Pa.C.S.A. § 9781(c),(d)). The General Assembly has set forth four factors that an appellate court is to consider when determining whether a sentence is unreasonable:

> **(d) Review of record.**--In reviewing the record the appellate court shall have regard for:
>
> > (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
> >
> > (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
> >
> > (3) The findings upon which the sentence was based.
> >
> > (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

In this case, contrary to McDowell's averments, his robbery conviction did not already account for the death of the victim. A person is guilty of robbery pursuant to Section 3701(1)(i), "if, in the course of committing a theft, he . . . inflicts serious bodily injury upon another." 18 Pa.C.S.A. § 3701(a)(1)(i). The statutory definition of "serious bodily injury" is: "Bodily

injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. Death itself is not incorporated within the definition of "serious bodily harm." Therefore, we conclude that the trial court did not abuse its discretion by considering the victim's death, from her injuries sustained in the robbery, as an independent aggravating factor in the context of McDowell's sentencing.

Moreover, the court properly considered the PSI, the sentencing guidelines, and McDowell's prior record. The court also stated on the record its reasons for imposing an aggravated sentence above the standard range of the sentencing guidelines. N.T. at 14-15; *see also* Sentencing Order, 1/19/22. Further, the court summarized its reasoning in its Rule 1925(a) opinion:

> At sentencing, this court recognized that [McDowell], at his guilty plea, admitted that he aided and abetted in a theft of a television during which injuries were inflicted upon Ms. Carson which not only constituted "serious bodily injury," but, even more so, resulted in her death. This court noted that the Robbery at issue, under §[]3701(a)(1)(i), required the infliction of "serious bodily injury" in the course of a theft, but that "death" is not an element of that type of Robbery. We referred to the definition of "serious bodily injury" at §[]2301 as bodily injury which creates a substantial risk of death or which causes permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ (NT 1/19/22 p. 12 lns. 13-25). We noted that creating a risk of death is not the same as causing a death and that the occurrence of the death was an aggravating factor because death is not an element of Robbery. This court confirmed that it was sentencing [McDowell] for aiding and abetting the commission of the Robbery which [led] to Ms. Carson's death (NT 1/19/22 p. 14 lns. 1-5; *See also*: Sentencing Order of 1/19/22).

Trial Ct. Rule 1925(a) Op., 3/23/22 at 1-2.

The trial court did not abuse its discretion. The court considered the PSI and all relevant factors and provided adequate reasons for McDowell's sentence on the record. Considering the nature and circumstances of the offense, and the opportunity for the sentencing court to observe McDowell and to consider the PSI and the sentencing guidelines, we do not conclude that McDowell's aggravated range sentence was unreasonable.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2022