J-S76044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HERBERT LEE SMITH | |
| Appellant | No. 753 EDA 2016 |

Appeal from the Judgment of Sentence February 16, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002193-2014

BEFORE: STABILE, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED OCTOBER 21, 2016**

Appellant Herbert Lee Smith appeals from the judgment of sentence entered on February 16, 2016, in the Court of Common Pleas of Monroe County following his *nolo contendere* plea to one count of corruption of minors.[1] We affirm.

Appellant's conviction arose following his sexual molestation of his paramour's eleven-year-old daughter on numerous occasions. On September 16, 2015, Appellant pled *nolo contendere* to count four of the criminal information, corruption of minors, a felony of the third degree, and signed a written guilty plea colloquy. The trial court accepted Appellant's

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 6301(a)(1)(ii).

plea, ordered a pre-sentence investigation (PSI) report and scheduled sentencing.

A sentencing hearing was held on February 16, 2016, at which time the sentencing court had the benefit of the PSI and the report of the Sexual Offender Assessment Board (SOAB) as well as letters written by the victim's mother. The court also heard counsel's argument and statements from Appellant's family. Upon consideration of both the aggravating and mitigating factors, the sentencing court ultimately sentenced Appellant to an aggravated range sentence of twenty-four (24) months to sixty (60) months' incarceration.[2] The court further advised Appellant of his sexual offender registration obligations under the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10–9799.41.[3]

Appellant filed his Motion to Reconsider Sentence on February 19, 2016, wherein he argued his sentence was excessive; the sentencing court denied the motion on February 23, 2016. On March 10, 2016, Appellant filed a timely notice of appeal and complied with the trial court's order to file

---

[2] Appellant's prior record score was a three and the offense gravity score was a six; therefore, the standard range sentence for the offense was twelve months to eighteen months, with an aggravated/mitigated range of plus or minus six months. N.T. Sentencing, 2/16/16, at 3.

[3] The sentencing court referred to the statute as Megan's Law. N.T. Sentencing, 2/16/16, at 18-19; however, Megan's Law II was succeeded by Megan's Law III (Act 152 of 2004), which in turn was superseded by SORNA.

a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed the same on April 30, 2016, wherein he presented the following issue: "The [s]entencing [c]ourt committed an abuse of discretion in imposing its sentence in light of the mitigating factors mentioned at the time of sentencing." The sentencing court filed its Rule 1925(a) Opinion on May 5, 2015.

In his appellate brief, Appellant presents the following issue for our review:

> Whether the aggravated sentence of twenty-four (24) months to sixty (60) months is manifestly unreasonable and serves no purpose other than a purely retributive one.

Brief for Appellant at 6.

Appellant's contention his sentence was unduly harsh and excessive under the circumstances presents a challenge to the discretionary aspects of his sentence. *Commonwealth v. Lutes*, 793 A.2d 949, 964 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges the discretionary aspects of sentencing). Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Roberts*, 133 A.3d 759, 774 (Pa.Super. 2016). For this Court to reach the merits of a discretionary sentencing issue, Appellant must invoke our jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of

- 3 -

appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, Appellant has satisfied the first three requirements. Appellant filed a timely notice of appeal, sought reconsideration of his sentence in a post-sentence motion, and included a separate statement of reasons relied upon for allowance of appeal in his appellate brief, as required by Pa.R.A.P. 2119(f). Nonetheless, while in his Rule 1925(b) statement Appellant avers the sentencing court abused its discretion for failing to consider mitigating factors when fashioning its sentence, in his brief he asserts the aggravated range sentence is manifestly unreasonable and retributive. We note that:

> for any claim that was required to be preserved, [an appellate court] cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek to withdraw pleas or to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved.

*Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008).

The arguments Appellant advances in his appellate brief are more encompassing than that which he raised before the trial court; however, Appellant's contention on appeal that his aggravated-range sentence was

retributive and manifestly unreasonable in light of the sentencing court's empathizing with the victim and resultant failure to consider mitigating factors arises out of the claim he presented in his Rule 1925(b) statement. Therefore, we decline to find his issue waived and turn our analysis to whether there is a substantial question that Appellant's sentence is inappropriate under the Sentencing Code. *See* 42 Pa.C.S.A. § 9781(b).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted).

Generally, "[a]n allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." ***Commonwealth v. Cruz-Centeno,*** 668 A.2d 536, 545 (Pa.Super. 1995). However, the contention the sentencing court imposed a sentence in the aggravated range without considering mitigating circumstances constitutes a substantial question as to the discretionary aspects of one's sentence. ***Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 (Pa.Super. 2003) (*en banc*). Notwithstanding, we find

Appellant is not entitled to relief as to the discretionary aspects of sentencing.

Appellant baldly maintains the aggravated-range sentence arose primarily out of the victim impact statement the probation department submitted for inclusion in the PSI and that it no way serves to protect the public or to advance the purpose of the Sentencing Code which is to rehabilitate, reintegrate and divert appropriate offenders from prison. Brief for Appellant at 13-14. Appellant stresses that in the eighteen months which followed the victim's allegations Appellant sexually abused her, Appellant had no contact with her and engaged in no additional criminal conduct; therefore, the sentence exceeds that which would be necessary to rehabilitate him. *Id*. at 15. Appellant further enumerates the mitigating factors presented to the sentencing court at the sentencing hearing which he avers it failed to consider. *Id*. at 16.

Contrary to Appellant's claims, both at the time of sentencing and in its Rule 1925(a) Opinion the sentencing court announced numerous reasons for its sentence. N.T., 2/16/16, at 15-16; Trial Court Opinion, filed 5/5/15, at 3-5. Specifically, the court noted it had read multiple times the PSI report, letters written by various family members on Appellant's behalf pertaining to Appellant's character along with those written by the victim's mother, and the report of the SOAB. N.T. Sentencing, 2/16/16, at 15. ***See Commonwealth v. Tirado***, 870 A.2d 362 (Pa.Super. 2005) (stating where

sentencing court had benefit of PSI, law assumes court was aware of and weighed relevant information regarding mitigating factors). The sentencing court also acknowledged that the SOAB did not determine Appellant was a sexually violent predator and indicated it would not hold a hearing on that issue.

Nevertheless, the sentencing court explained its need to fashion a sentence that focused upon the appropriate disposition for Appellant, given his background and the factual basis of the case, which necessarily included a consideration of the impact of his actions upon the victim. *Id*. at 15. The sentencing court stressed Appellant held a position of trust and served as a caregiver to the young girl who continues to struggle emotionally. *Id*. at 16. It was also relevant to the court that Appellant was found to be in possession of a firearm although he was prohibited to possess one, which constituted an aggravating circumstance. *Id*. The sentencing court further expressed concern that while he had not been found to be a sexually violent predator, some of Appellant's behavior was consistent with a paraphilic interest; the court deemed this information to be relevant in determining whether Appellant will reoffend. *Id*. *See also*, Trial Court Opinion, filed 5/5/15, at 3-4 (discussing the impact of Appellant's actions on the victim and her family and Appellant's prior criminal history as revealed in the PSI);

In light of the foregoing, the sentencing court carefully considered all of the information before imposing Appellant's sentence; therefore, we find

no abuse of discretion. As Appellant's sentence is not excessive or unreasonable, his sole issue fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2016