J-S80044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JONATHAN LEVONNE RODGERS | |
| Appellant | No. 631 MDA 2016 |

Appeal from the Judgment of Sentence February 11, 2016
in the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005983-2003

BEFORE: LAZARUS, J., STABILE, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED JANUARY 03, 2017**

Appellant, Jonathan Levonne Rodgers, appeals from the judgment of sentence entered after the February 11, 2016 hearing in which the court revoked his probation. We affirm.

On June 10, 2005, Appellant entered open guilty pleas in three cases. In the instant matter, he entered an open plea to the charge of resisting arrest and was sentenced to two years of special probation.[1] Several months prior to the expiration of his probationary period, Appellant was again arrested and charged with access device fraud, theft of property lost

---

[1] 18 Pa.C.S. § 5104. In his other cases, Appellant entered guilty pleas to robbery, 18 Pa.C.S. § 3701(a)(1)(iv), and received a sentence of two to seven and one-half years of incarceration; and to obstructing the administration of law, 18 Pa.C.S. § 5101, for which he received a sentence of two years of probation, to run consecutively to his incarceration.

by mistake, identity theft, theft by deception, and receipt of stolen property.[2]

On February 11, 2016, Appellant entered a guilty plea to the identity theft charges. The court imposed a sentence of three years of probation.

At this time, the court also conducted a *Gagnon II*[3] hearing. Appellant argued he was entitled to a probationary sentence, noting that: he had remained arrest free from 2005 until 2015; he had started a construction business that employed other offenders; and he had married and had children. *See* Notes of Testimony (N. T.), 2/11/16, at 7-8. Appellant suggested that he had accepted responsibility by pleading guilty and offered to pay restitution. *Id.* Further, he argued that based on prison delays, a state sentence with a minimum of ninety-four days would transform into a one- to two-year sentence. *Id.*

The court found Appellant in violation of his probation and, despite Appellant's arguments, sentenced him to ninety-four days to two years of incarceration, effective from the date of the hearing, with credit for ninety-four days of time served.

_____

[2] 18 Pa.C.S. §§ 4106(a)(1)(ii), 3924, 4120(a), 3922(a)(1), and 3925(a), respectively.
[3] *See Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (concluding that due process requires parolee be given a preliminary (*Gagnon I*) and final (*Gagnon II*) hearing prior to parole revocation).

Appellant timely filed a post-sentence motion challenging the discretionary aspects of the court's sentence. The court granted reconsideration but, after a hearing, denied Appellant's motion for relief.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

On appeal, Appellant raises a single issue:

Whether the trial court abused its discretion by imposing an excessive sentence, relied solely on Appellant's prior record score and failed to consider the mitigating factors presented by Appellant, including the gravity of the offense as it related to the impact on the life of the victim and the community, the rehabilitative needs of Appellant, and the protection of the public.

Appellant's Brief at 6.

Appellant challenges the discretionary aspects of his sentence, a challenge which does not entitle him to review as of right. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011). Prior to addressing a discretionary challenge, this Court engages in a four-part analysis: 1) whether the appeal is timely; 2) whether Appellant preserved his issue; 3) whether Appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and 4) whether that statement raises a substantial question that the sentence is inappropriate under the sentencing code. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013); *see also* Pa.R.A.P. 2119(f).

Appellant timely filed a notice of appeal, preserved his claim in a post-sentence motion, and included in his brief an appropriate Pa.R.A.P. 2119(f) statement. We must now determine whether he has raised a substantial question that the sentence is inappropriate under the sentencing code, and if so, review the merits.

A substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa. Super. 2003). A substantial question exists only where the Appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code, or contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000). A claim that a sentence is manifestly excessive many raise a substantial question if Appellant's Pa.R.A.P. 2119(f) statement sufficiently articulates the manner in which the sentence was inconsistent with the Code or contrary to its norms. *Commonwealth v. Mouzon*, 812 A.2d 617, 627-28 (Pa. 2002).

In the instant case, Appellant asserts that the court's imposition of a sentence of time served to twenty-four months was manifestly excessive, unreasonable, and contrary to the fundamental norms underlying the Code, as the court failed to adequately consider the mitigating factors presented by Appellant and focused solely on his prior record score. Additionally,

Appellant asserts that the imposition of a maximum sentence was excessive in nature, given the aforesaid mitigating factors. Appellant's Brief at 14-15.

However, the record contains a recitation of those same circumstances, both at the original **Gagnon II** hearing, and after the court granted reconsideration and allowed further argument. Specifically, the court did spend extensive time considering Appellant's family, self-employment and employer status. **See** N. T., 2/11/16, at 3-17; N. T. 4/7/16 at 3-10. It also considered Appellant's prior record score of five, the fact that one of his priors was a robbery, his technical violation in 2012, the issuance of bench warrants in Appellant's other cases, and that the instant violation was for a new crime. **See** N. T., 4/7/16 at 8-11. The court also noted Appellant's argument regarding the potential delay in his release raised speculative concerns. **See** N. T., 2/11/16 at 7, 11.

We cannot conclude, based on the record, that the sentencing court failed to consider the aforesaid personal circumstances, ignored mandatory factors under 42 Pa.C.S. § 9721(b), or in any other way imposed a harsh and excessive sentence that was disproportionate to the underlying violations and circumstances. **Commonwealth v. Kalichak**, 943 A.2d 285, 292 (Pa. Super. 2008). The court appropriately considered all factors relevant to sentencing. Appellant has not raised a substantial question as a matter of law, and thus, he is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2017