J-S41045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL C. WORK, JR. | : | |
| | : | |
| Appellant | : | No. 1670 MDA 2016 |

Appeal from the Judgment of Sentence September 23, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0005372-2010

BEFORE:    GANTMAN, P.J., LAZARUS, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 24, 2017**

Appellant, Daniel C. Work, Jr., appeals from the judgment of sentence entered in the Lancaster County Court of Common Pleas, following his jury trial convictions of one count of rape of a child, two counts of involuntary deviate sexual intercourse with a child ("IDSI"), and one count of corruption of minors.[1]  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises one issue for our review:

_____

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), and 6301(a)(1), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

WHETHER THE [TRIAL] COURT'S SENTENCE OF NOT LESS THAN TEN NOR MORE THAN 20 YEARS WAS AN ABUSE OF DISCRETION IN VIEW OF [APPELLANT'S] LACK OF SIGNIFICANT PRIOR CRIMINAL RECORD AND HIS OUTSTANDING ADJUSTMENT TO STATE PRISON?

(Appellant's Brief at 4).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Commonwealth v. Sierra,** 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary aspects of sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans,** 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial

question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases." **Commonwealth v. Phillips,** 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Anderson**, 830 A.2d 1013 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 913.

Instantly, Appellant properly preserved his claim for review. Nevertheless, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Dennis E. Reinaker, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed November 22, 2016, at 3-7)

(finding: court did not impose manifestly excessive sentence, in view of circumstances of crime and history and character of Appellant; court was fully informed by pre-sentence investigative ("PSI") report and relied on report in reaching its sentence; Appellant received standard range sentence; court's review of PSI report in conjunction with standard range sentence demonstrates Appellant's sentence was not manifestly excessive; moreover, Appellant committed multiple sex acts upon 6-year-old male victim on multiple occasions; court imposed all sentences concurrently; sentence is consistent with protection of public as Appellant's total confinement will prevent him from having further sexual encounters with children; Victim's adoptive mother testified that offenses seriously impaired Victim's childhood; Victim can no longer enjoy common activities such as sleepovers and/or overnight camping trips; Victim now requires specialized bathroom policies at school due to his sexual experiences; court heard multitude of testimony regarding devastating impact of Appellant's acts on Victim and sentence imposed was consistent with that impact; sentence is consistent with Appellant's rehabilitative needs; Appellant states he has had "outstanding adjustment to prison," has been free of misconduct during his incarceration, and has participated in various programs; sentence imposed is addressing Appellant's rehabilitative needs; even if Appellant's claim that court did not consider Appellant's "good behavior" while in prison raised substantial question for appellate review, there is no evidentiary support that court

failed to consider Appellant's conduct in prison; court heard Appellant's testimony regarding his improved conduct in prison and imposed sentence within guideline range; court did not abuse its discretion).[2] Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2017

_____

[2] Appellant claims he is not arguing the court failed to consider, or was unaware of, Appellant's positive adjustment in prison when the court re-sentenced Appellant. (*See* Appellant's Brief at 19). Rather, Appellant argues the court abused its discretion when it imposed an identical sentence in light of Appellant's good behavior while in prison. *See id*. Appellant cites no relevant legal authority to support this position. Therefore, Appellant waived this sentencing issue. *See Commonwealth v. Johnson*, 604 Pa. 176, 985 A.2d 915 (2009), *cert. denied*, 562 U.S. 906, 131 S.Ct. 250, 178 L.Ed.2d 165 (2010) (explaining appellant waives issue on appeal where he fails to present claim with citations to relevant authority or develop issue in meaningful fashion capable of review).

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA ：
：
v. ： No. 5372-2010
：
DANIEL C. WORK, JR. ：

### Pa.R.A.P. 1925(a) MEMORANDUM OF OPINION

BY: REINAKER, J.
NOVEMBER 22, 2016

#### Introduction

The Defendant, Daniel C. Work, Jr., has filed a Notice of Appeal to the Superior Court of his judgment of re-sentence, on September 23, 2016. On October 11, 2016, the Court ordered the Defendant to file a Concise Statement of Matters Complained of on Appeal. On October 21, 2016, the Defendant filed his Statement. The Commonwealth submitted its Answer on November 14, 2016.

On March 7, 2012, the Defendant was convicted of Count 1 of Rape of a Child, Count 2 of Involuntary Deviate Sexual Intercourse With a Child, Count 3 of Involuntary Deviate Sexual Intercourse With a Child, and Count 5 of Corruption of Minors.[1] On July 30, 2012, the Court determined that the Defendant was a Sexually Violent Predator, and after hearing from the juvenile male victim, the victim's guardian, defense counsel, the Defendant, and the Commonwealth, imposed the following sentences: Ten to twenty years' incarceration on Count 1, ten to twenty years' incarceration on Count 2, ten to twenty years' incarceration on Count 3,

---

[1] 18 Pa.C.S. §3121(c), 18 Pa.C.S. §3123(b), 18 Pa.C.S. §3121(b), and 18 Pa.C.S. §6301(a)(1), respectively.

47

and one to two years' incarceration on Count 5. These sentences were ordered to be served concurrent to each other.

On October 25, 2012, the Court denied the Defendant's timely Post-Sentence Motion. The Pennsylvania Superior Court denied the Defendant's direct appeal on October 8, 2014. On October 10, 2014, the Supreme Court denied the Defendant's Petition for Allowance of Appeal.

The Defendant then filed a Petition for Post-Conviction Collateral Relief. During the pendency of this proceeding, the ten to twenty year mandatory sentences, imposed under 42 Pa.C.S. §9718, were held to be unconstitutional. *See Commonwealth v. Wolfe*, 106 A.3d 800 (Pa. Super. 2014). As a result, the Defendant was resentenced on September 23, 2016. At the re-sentencing hearing, the Court incorporated the entirety of the Court's findings and conclusions from the Defendant's original July 30, 2012 sentencing hearing. (Notes of Testimony, 9/23/2016, p. 5). Following testimony from the Commonwealth, the Defendant's counsel, and the Defendant, the Court imposed the following sentence, with all terms to be served concurrently:

Count 1: Ten to twenty years' incarceration;

Count 2: Ten to twenty years' incarceration;

Count 3: Ten to twenty years' incarceration; and

Count 5; One to two years' incarceration.

On September 29, 2016, the Court denied the Defendant's Motion to modify his sentence. After the Defendant timely filed his Notice of Appeal to the Superior Court, the Court ordered the Defendant to file a Concise Statement of Matters Complained of on Appeal. On October 21, 2016, the Defendant filed his Statement. On November 14, 2016, the Court received the Commonwealth's Answer.

The Defendant raises numerous arguments in his Statement. First, the Defendant argues that the Court abused its discretion in sentencing the Defendant because the sentence was manifestly excessive when considering the circumstances of the offense and the history and character of the Defendant. Second, the Defendant argues that the Court's sentence violated the Sentencing Code because it was not "consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the Defendant." *See* Defendant's Statement, p. 1, *citing* 42 Pa.C.S. §9721(b). Third, the Defendant argues that the Court abused its discretion in re-sentencing the Defendant to an identical sentence in view of the Defendant's good behavior in prison. Finally, the Defendant argues that the sentence imposed was manifestly excessive because it was identical to the original sentence and the only change in circumstance was the Defendant's positive adjustment to prison. For the following reasons, the Court finds that none of the Defendant's arguments on appeal are with merit.

## Discussion

The Defendant's first argument on appeal is without merit. Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal without a manifest abuse of that discretion. *Commonwealth v. Hess*, 745 A.2d 29, 31 (Pa. Super. 2000). To constitute an abuse of discretion, the sentence must either exceed the statutory limits or be manifestly excessive; it is not shown merely by an error in judgment by the court. *Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003). Rather, the defendant must demonstrate, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Id.* In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as the sentencing

judge is in the best position to measure factors such as the nature of the crime, the defendant's character, and the display of remorse, defiance, or indifference. *Commonwealth v. Ellis*, 700 A.2d 948, 958 (Pa. Super. 1997).

A sentencing court is required to place on the record its reasons for the imposition of the sentence. 42 Pa.C.S. §9721(b). The sentencing judge can satisfy this requirement by identifying on the record that he was informed by a presentence report. *Commonwealth v. Pennington*, 751 A.2d 212, 217 (Pa. Super. 2000). Where the sentencing court has the benefit of a pre-sentence report, the law presumes that the court "was aware of the relevant information regarding the defendants' character and weighted those considerations along with the mitigating statutory factors" delineated in the Sentencing Code. *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). "Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed." *Id.* In addition, the combination of a pre-sentence report and a standard range sentence, without more, cannot be considered excessive or unreasonable. *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa. Super. 1995).

Here, the Court did not impose a manifestly excessive sentence in view of the offense's circumstances and the history and character of the Defendant. First, the Court was fully informed by the Defendant's pre-sentence report and relied on the report in reaching its sentence. (Notes of Testimony, 7/30/12, p. 7-8, 11). Further, the Court imposed a sentence that was within the standard guideline range. These two factors alone demonstrate that the Defendant's sentence was not manifestly excessive. However, the circumstances of the offense clearly show that the sentence was not manifestly excessive, as the Defendant committed multiple sex acts upon a six-year-old male victim. As the Commonwealth notes, these sex acts occurred on multiple occasions and it was well-within the Court's discretion to impose consecutive sentences. *See*

*Commonwealth v. Diehl*, 61 A.3d 265, 270-71 (Pa. Super. 2013). Because the Court's sentence was not manifestly excessive, this claim is without merit.

The Defendant's second claim on appeal is also without merit. Under the Sentencing Code, a sentence of total confinement must be "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. §9721(b).

Here, the Court's sentence is consistent with the protection of the public. The Defendant committed numerous sexual acts on a six-year-old child, and his total confinement will prevent him from having any further sexual encounters with children like the victim. The sentence was also consistent with the offense as it relates to the impact on the life of the victim, as the victim's adoptive mother, Ms. Hackel, testified that the offenses seriously impaired the victim's childhood. (N.T. 7/30/12, p. 3). Ms. Hackel further testified that the victim was no longer allowed to enjoy common activities with friends, such as sleep-overs and overnight camping trips. *Id.* In addition, the victim now requires specialized bathroom policies at his school due to his sexual experiences. *Id.* The Court heard a multitude of testimony regarding the offense's devastating impacts on the victim and the community, and the Court considered such when it imposed its sentence. Therefore, the Defendant's sentence is consistent with the offense's impact on the victim and community.

Further, the sentence is consistent with the rehabilitative needs of the Defendant. As the Defendant points out, the Defendant has had an "outstanding adjustment to prison" and has been misconduct free during his incarceration. Further, the Defendant has completed various programs at state prison. Although the Defendant has not yet accepted responsibility for his actions, it is

evident that his incarceration is addressing his rehabilitative needs. As such, the sentence does not violate the Sentencing Code.

Lastly, the Defendant's third and fourth issues on appeal are without merit. The Defendant alleges that the Court abused its discretion in view of the Defendant's good behavior in prison and did not consider this mitigating circumstance at resentencing. When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). The Court should refer to the defendant's prior criminal conduct, his age, personal characteristics, and his potential for rehabilitation. *Id.* Where the sentencing court has the benefit of a presentence investigative report, it is presumed that the court was "aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Further, when a sentence is within the standard range of the sentencing guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *See Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (1995) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable). In addition, an allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question invoking appellate jurisdiction. *See Commonwealth v. Wellor*, 731 A.2d 152, 155 (Pa. Super. 1999) (reiterating allegation that sentencing court "failed to consider" or "did not adequately consider" certain factors general does not raise substantial question).

Here, the Defendant's allegation likely does not raise a substantial question for appellate review, as the Defendant baldly asserts that the Court did not consider the Defendant's conduct in state prison. Regardless, there is no evidentiary support that the Court did not consider the

Defendant's conduct, as the Court heard the Defendant's testimony regarding his improved conduct in prison at the re-sentencing hearing and imposed a sentence within the guideline range. (N.T. 9/23/16, p. 6, 11-12). Further, the Court was presented with a presentence report at the original sentencing hearing. (N.T. 7/30/12, p. 7-8). With all of these factors considered, it is clear that the Court did not abuse its discretion when it sentenced the Defendant, nor was the sentence manifestly excessive. As such, these issues are meritless.

## Conclusion

Accordingly, I conclude the grounds identified by the Defendant in his Pa. R.A.P. 1925(b) statement are meritless.