J-S40036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| M.S. | : | |
| | : | |
| Appellant | : | No. 3242 EDA 2017 |

Appeal from the Judgment of Sentence May 3, 2017
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003066-2013

BEFORE: LAZARUS, J., DUBOW, J., and PLATT*, J.

MEMORANDUM BY LAZARUS, J.: **FILED JULY 25, 2018**

M.S.[1] appeals from the judgment of sentence, entered in the Court of Common Pleas of Bucks County, after he pleaded *nolo contendere* to rape of a child[2] and related offenses.[3] After careful review, we affirm.

On March 20, 2012, Bensalem police received a call from a local school that a student, A.S. (Child), who was then 13 years old, had reported a sexual

_____

[1] Appellant's distinct name compromises the anonymity of Child, and thus, we use only his initials for purpose of this appeal.

[2] 18 Pa.C.S. § 3121(c).

[3] Rape by forcible compulsion, 18 Pa.C.S. § 3121(a)(1); involuntary deviate sexual intercourse with a child, 18 Pa.C.S. § 3123(b); aggravated indecent assault of a child, 18 Pa.C.S. 3125(b); corruption of minors, 18 Pa.C.S. § 6301(a)(1)(ii); indecent assault – person less than 13 years of age, 18 Pa.C.S. § 3126(a)(7); endangering the welfare of children, 18 Pa.C.S. § 4304(a)(1).

_____

* Retired Senior Judge assigned to the Superior Court.

assault. Child disclosed that M.S., Child's biological father, repeatedly raped

and sexually assaulted Child from September 2010 to February 2012.[4]

The trial court summarized the procedural history as follows:

On October 24, 2014, [M.S.] pled [*nolo contendere*] to [all charges]. After granting a continuance, the [trial c]ourt sentenced [M.S.] on March 12, 2014, to not less than twenty (20) years' nor more than forty (40) years' incarceration.

After a failed [m]otion for [r]econsideration of [s]entence, [M.S.] filed a Post-Conviction Relief Act (PCRA) Petition, [*pro se*], first on March 2, 2015, and again on April 7, 2015. [M.S.] filed an Amended PCRA Petition through counsel on December 3, 2015. The [c]ourt granted relief pursuant to the PCRA and [M.S.] was granted a re-sentencing hearing wherein the Commonwealth [agreed it] would not invoke any applicable mandatory minimum period of incarceration.

Following another continuance, this [c]ourt imposed sentence on May 3, 2017. [M.S.] was ultimately sentenced to not less than sixteen (16) years' nor more than forty (40) years' incarceration. [M.S.] filed another reconsideration of sentence and after a hearing, this [c]ourt denied [M.S.'s] Motion on September 5, 2017.

On October 2, 2017, [M.S.] filed Notice of Appeal to [the] Superior Court from the [o]rder dated September 5, 2017.

Trial Court Opinion, 1/17/18, at 2.

On appeal, M.S. presents the following issue for review: "Whether the

trial court erred in imposing a sentence which was unduly harsh and excessive,

beyond the needs necessary for the protection of the community and the

rehabilitative needs of Appellant[.]" Brief of Appellant, at 4. Specifically, M.S.

---

[4] Weeks prior to her report of the sexual assault, her father asked her to have intercourse again, which she refused. This incident did not result in a sexual assault.

argues that the trial court abused its discretion because it relied on impermissible factors during sentencing, failed to consider his mitigating evidence, and applied the sentencing guidelines unreasonably. Our standard of review regarding challenges to the discretionary aspects of sentencing is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

The right to appeal the discretionary aspects of a sentence is not absolute. *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004). To determine if this Court may review the discretionary aspects of a sentence, we employ a four-part test: "(1) [W]hether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify [the] sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code." *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (internal citations omitted).

Pa.R.A.P. 2119(f) requires an appellant to include in his brief "a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code[5]." *Commonwealth v. Anderson*, 830 A.2d 1013, 1017 (Pa. Super. 2003); *see* Pa.R.A.P. 2119(f). Rule 2119(f) provides, in relevant part, that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." An appellant cannot invoke this Court's jurisdiction unless he properly submits a Rule 2119(f) statement. *See Anderson*, 830 A.2d at 1017 (holding that an appellant must include a Rule 2119(f) statement in his brief to invoke the appellate court's jurisdiction). "[I]f the appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth objects, the issue is waived for purposes of review." *Id.*

Here, M.S. timely filed a notice of appeal, as noted by the trial court. M.S. also properly raised his discretionary aspect of sentence issue in his Rule 1925(b) statement. However, M.S. failed to include in his brief a concise statement of the reasons relied upon for allowance of appeal, as required by Rule 2119(f). Furthermore, the Commonwealth objects to M.S.'s omission of a Rule 2119(f) statement, stating, "[M.S.] did not include the requisite specific reasons relied upon which would justify allowance of appeal, and the

---

[5] 42 Pa.C.S.A. §§ 9701 – 9799.75.

Commonwealth objects to this omission." Brief of Appellee, at 13. Therefore, M.S. has failed to invoke this Court's jurisdiction to review his discretionary aspects of sentence claim.[6] **Anderson**, **supra**.

Judgment of sentence affirmed.

Dubow, J., joins the memorandum.

Platt, J., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/18

---

[6] Even had M.S. overcome all relevant procedural hurdles, his claim still fails on the merits. The trial court properly considered "[M.S.'s] conduct, age, character, extensive criminal history, impact on the community, rehabilitative needs, and the sentencing guidelines . . . Furthermore, the facts and charges of the case, [M.S.] raping [Child], justified his lengthy sentence." Trial Court Opinion, 1/17/18, at 4. Thus, the court "thoroughly discussed all considerations mandated by statute." **Id.** at 5. Additionally, the trial court considered the information in M.S.'s pre-sentence investigation report (PSI). **Id.**; **see Commonwealth v. Boyer**, 856 A.2d 149, 154 (Pa. 2004) ("Where the sentencing judge had the benefit of [PSI], it will be presumed that he or she was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors."). Therefore, M.S. would be entitled to no relief.