J-A04027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDALL DALE, | : | |
| | : | |
| Appellant | : | No. 3938 EDA 2017 |

Appeal from the Judgment of Sentence, October 20, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0005693-2016.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and COLINS*, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 02, 2019**

Randall Dale appeals from his judgment of sentence of 5 to 15 years in prison and 5 years of probation.  Dale raises three challenges to the discretionary aspects of his sentence.  However, because Dale failed to preserve two of his challenges for our review, and the remaining challenge is meritless, we affirm.

On October 20, 2017, Dale entered an open guilty plea to burglary, aggravated assault, conspiracy to commit aggravated assault, and possessing an instrument of a crime.[1]  The court imposed the above aggregate sentence. Dale filed a timely motion to modify sentence, which the trial court denied without a hearing on November 6, 2017.  This timely appeal follows.  Both Dale and the trial court have complied with Pa.R.A.P. 1925.

_____

[1] 18 Pa.C.S.A. §§ 3502, 2702, 903, and 907.

*  Retired Senior Judge assigned to the Superior Court.

On appeal, Dale challenges the discretionary aspects of his sentence, arguing that the trial court imposed an excessive and unreasonable sentence in 1) failing to consider the sentencing guidelines; 2) improperly focusing on the nature of his crime and his prior criminal record, factors the guidelines already account for, resulting in an improper "double counting, and; (3) failing to give proper consideration to Dale's rehabilitative needs. *See* Dale's Brief at 3.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

The Commonwealth draws our attention to the test's second prong. Commonwealth's Brief at 10. It contends that Dale failed to raise his first two appellate issues either in the sentencing proceeding or in his motion to modify

sentence. Our review of the sentencing transcript and Dale's motion to modify supports the Commonwealth's contention.

Dale first presented his claim that the sentencing court failed to consider the sentencing guidelines in his concise statement of errors. His second claim, where he argues the trial court "double counted" certain factors, first appears in his appellate brief. Thus, because Dale failed to preserve these challenges at sentencing or in his post-sentence motion, we are unable to review these claims. **See Moury, supra**; Pa.R.Crim.P. 720.

Regarding his third issue, Dale timely filed a notice of appeal, preserved his claim in a post-sentence motion, and included in his brief an appropriate Pa.R.A.P. 2119(f) statement. We must now determine whether Dale raised a substantial question that the sentence is inappropriate under the sentencing code and, if so, review the merits.

A substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Anderson**, 830 A.2d 1013, 1018 (Pa. Super. 2003). A substantial question exists only where an appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code, or contrary to the fundamental norms which underlie the sentencing process. **Commonwealth v. Sierra**, 752 A.2d 910, 913 (Pa. Super. 2000). A claim that a sentence is manifestly excessive may raise a substantial question if an appellant's Pa.R.A.P. 2119(f) statement sufficiently articulates the manner in which the sentence was

inconsistent with the Code or contrary to its norms. *Commonwealth v. Mouzon*, 812 A.2d 617, 627–28 (Pa. 2002).

This Court has held that "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors- raises a substantial question." *Commonwealth v. Cardwell*, 117 A.3d 763, 770 (Pa. Super. 2015). We conclude that Dale's challenge to the imposition of his sentence as excessive and unreasonable, together with his claim that the court failed to consider his rehabilitative needs and mitigating factors upon fashioning its sentence, presents a substantial question. Thus, we grant his petition for allowance of appeal and address the merits of his claim.

The following principles apply to our substantive review of Dale's claim. "When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Ventura*, 975 A.2d 1128, 1134 (Pa. Super. 2009). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009). Rather, we review the trial court's determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa. Super. 2014).

Moreover, upon appellate review, we are guided by the following principles:

> **§ 9781.  Appellate review of sentence**
>
> **\*\*\***
>
> **(c) Determination on appeal.**—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> (1) the sentencing court purported to sentence within the guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).

Here, the trial court sentenced Dale to a term of 3 to 10 years of imprisonment for burglary, a consecutive term of two to five years of imprisonment for aggravated assault, a concurrent term of two to five years of imprisonment for conspiracy, and a consecutive five-year probationary term for possessing an instrument of crime.  As the trial court noted at sentencing, these sentences were within the applicable guideline ranges.  ***See*** N.T., 10/20/17, at 56-57.  Thus, in order to vacate Dale's aggregate sentence, we must conclude that it is clearly unreasonable.

- 5 -

Dale argues, "the [trial] court seemed to exclusively focus on the nature of the offenses, [his] prior criminal history, and what the [trial] court believed was a lack of true remorse, rather than his rehabilitative needs and mitigating circumstances." Dale's Brief at 18.

A trial court's sentence "should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics ad potential for rehabilitation." ***Antidormi***, 84 A.3d at 761 (citations and quotation marks omitted).

Dale's assertion is belied by the record. First, the sentencing hearing was conducted after a presentence investigation ("PSI") and the court's review of the PSI. We presume that when the sentencing court reviewed a PSI, that the court properly considered and weighed all relevant factors in crafting a defendant's sentence. ***See Commonwealth v. Baker***, 72 A.3d 652, 663 (Pa. Super. 2013). Hence, we begin our review with the presumption the sentencing court here weighed all relevant factors, including mitigating factors, concerning Dale appropriately.

Further, the transcript from the sentencing hearing reveals the following. During his allocution, Dale apologized to the court for his crimes

- 6 -

and acknowledged having a drug problem. Dale spoke of his past efforts to stay clean, indicating he had not used drugs for a year, aside from methadone. Dale explained that after his brother died, he relapsed and that he wanted a county sentence so he could have access to a methadone treatment facility "to take the drugs away." N.T., 10/20/17 at 49.

The trial court heard additional mitigating evidence. Specifically, that Dale had the support of both of his parents and that he attended college. *Id.* at 8. Dale's counsel also highlighted that Dale had served in the Army Reserves, he gained employment after his discharge, had no juvenile record, and was treated for mental health issues. However, the court observed that "despite the fact that [Dale] had a college degree, [he had] been arrested five times resulting in three convictions, [imprisoned] twice, two violations, both of which resulting in revocation. One violation pending as a result of the incident [in this] matter." *Id.* at 53.

Before imposing Dale's sentence, the trial court stated that "[it did not] think [Dale had] remotely come to grips with or recognized in a truly remorseful way the level of violence that [he] exercised." *Id*. at 50.[2] As this Court has observed, the sentencing court is in the best position to make

---

[2] The "violence" the trial court refers to occurred when Dale and his sister attacked and robbed a woman who had allowed Dale to temporarily live with her. Dale beat the victim, punching her several times and causing her eye to swell and turn black and blue. He then struck her in the mouth with a blunt object, possibly a broom handle, causing several of her teeth to fall out. Dale's sister held the woman down while holding a knife to her throat.

determination about an offender's "character, defiance, and indifference" when determining the length of a sentence of incarceration. ***Commonwealth v. Malovich***, 903 A.2d 1247, 1254 (Pa. Super. 2006). Therefore, there is no basis for us to question the sentencing court's credibility determination of Dale.

Contrary to Dale's assertion, the record reflects the trial court carefully considered his rehabilitative needs when it imposed his sentence. For instance, although the court ultimately sentenced him to state time incarceration, it specifically committed him to the county jail before moving him to the state prison, so that Dale could be weaned off methadone gradually. N.T., 10/20/17, at 57-58. The court additionally ordered him to complete a drug and alcohol evaluation upon transfer to state and to comply with any recommended treatment. ***Id***. at 58.

Further, the trial court summarized in its opinion,

> Despite [Dale's] argument to the contrary, the guidelines were considered by this [c]ourt and the [c]ourt took into account the general standards for sentencing as required by 42 Pa.C.S.A. § 9721(b). This [c]ourt clearly considered the protection of the public as well as the gravity of the offense as it relates to the impact on the life of the victim and the community. Furthermore, this [c]ourt factored into its decision the rehabilitative needs or prospects of rehabilitation for [Dale]. As previously stated, this [c]ourt considered all relevant factors in sentencing [Dale].

Trial Court Opinion, 6/12/18, at 9.

Upon review of the record, we agree with the trial court, and conclude that Dale has failed to demonstrate that any of his sentences, which fell within

the applicable guideline ranges, were clearly unreasonable. Thus, we discern no abuse of discretion in the sentencing court's decision to impose an aggregate term of incarceration of 5 to 15 years, followed by 5 years of probation.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/19